## J. H. HERNDON v. CORNELIUS ENNIS AND ANOTHER.

Where the defendant filed a general denial, and several special denials, in different forms of expression, of a particular fact, to which special denials the Court below sustained a general exception, this Court said that as the fact specially denied was put in issue by the general denial, defendant had sustained no injury by the ruling of the Court below, and that though it had been erroneous, it would not authorise a reversal of the judgment.

Herndon v. Ennis.

It would seem that where an instrument or note in writing on which any plead-ing in a suit is founded, or any indorsement of such instrument or note in writing, purports to have been made by an agent, such instrument or note or indorsement is admissible in evidence under the Statute (Hart. Dig. Art. 2524,) *without proof of the authority of the agent*, unless an affidavit be filed denying such authority.

Appeal from Brazoria. Tried below before the Hon. James H. Bell.

Suit by appellees, ·Cornelius Ennis and James R. Ennis, partners trading under the style of C. Ennis & Co., against appellant, on three several promises in writing to pay money. The plaintiffs claimed by indorsement of " H. B. Andrews & Co., by E. M. Tyne." The promises in writing, were filed with an amendment of the petition. Defendant filed a general demurrer and general denial.

Afterwards defendant took leave to amend, and repeated his general demurrer and general denial, and added several special denials, in different forms of expression, of the authority of Tyne to make the indorsements ; these denials were not supported by affidavit. Plaintiff excepted in general terms to the amend-ed answer ; and said exception was sustained as to the special denials. The statement of facts showed that the only evidence before the jury were the promises in writing and the indorse-ments. It did not appear to have been objected when the indorsements were offered in evidence, that the authority of Tyne was not proved. It did not appear that any instruc-tions were given or refused. Motion for new trial overruled.

*Wharton & Terry*, for appellant, cited Hart. Dig. Art. 2524.

*P. MacGreal*, for appellees, in addition, cited Reid v. Reid, 11 Tex. R. 591.

WHEELER, J. The defendant sustained no injury by the

Herndon v. Ennis.

ruling of the Court, sustaining exceptions to so much of the answer as specially denied the authority under which the note purported to be made. The special traverse put in issue nothing which was not put in issue by the general denial. The latter included the former : for, under the general denial, the plaintiffs were required to prove every fact essential to their right to a recovery upon the notes. The special denial did not increase the burden of proof, or entitle the defendant to insist upon the proof of any fact which he was not entitled to insist upon under the general denial. Having sustained no injury by the ruling, though it had been erroneous, it would not authorise a reversal of the judgment.

The material question is, whether it was necessary for the plaintiffs, under the general denial, to prove the authority to make the assignment. We are of opinion that it was not. The Statute provides that, where suit is brought by the assignee, the assignment shall be regarded as fully proved, unless the defendant shall deny in his plea that it is genuine, and file an affidavit, &c. (Hart. Dig. Art. 2524.) Where, as in the present case, the assignment is made by an agent, full proof of the assignment must include, as well proof of the authority of the agent, as of the fact of the assignment. The Statute is very comprehensive in its terms, and sufficiently so, we think, to include every fact which it would have devolved on the plaintiff to prove in order to establish his right as assignee, in the absence of the Statute. We are of opinion therefore that there is no error in the judgment and it is affirmed.

                                        Judgment affirmed.