P. J. WILLIS & BRO. v. THOS. F. HUDSON, JR.

(Case No. 1828.)

1. PLEADING.— All common law forms of action being abolished in Texas, the plaintiff states the very case in his petition on which he seeks to recover, and a general denial puts him on proof of every affirmative allegation necessary to his recovery, unless it be one which the defendant must meet by plea in abatement. The defendant must disprove under a general denial or confess and avoid under a special answer.

2. DAMAGES — PLEADING.— When one sued for damages for a wrongful seizure of goods, alleged to have been the property of the plaintiff, desires to raise the question of ownership and show that the goods did not in any sense

belong to the plaintiff at the time of the seizure, he may do so under an answer denying generally the allegations of the petition. If, however, the plaintiff held the goods under a purchase, valid as between himself and his vendor, but void for fraud, as against the defendant and all others, the fraud should be specially pleaded.

3. PLEADING.— Though a naked possessor may recover against a wrong-doer, yet, to enable him to do so, he should not so qualify in his pleading the statement of his possession, and specify the facts which constitute it, as to mislead his adversary into preparing on a false issue, which the plaintiff does not intend to rely upon.

4. SAME — POSSESSION.— The real owner of a stock of goods exposed for sale, though only occasionally present himself in his store, and conducting his business through clerks and servants, is in contemplation of law the actual possessor of the goods, and an action for trespass in seizing them wrongfully must be brought in his name and not that of one of such clerks or servants so trusted by him. Nor is such a one less the owner and the actual possessor because he had bought the goods in the name of another, and shipped them in that name, if he paid for them with his own money.

5. CHARGE OF COURT.— A charge of the court which makes evidence that goods were bought in the name of a particular person, and the bills of lading made out in his name, full proof of possession as well as ownership, although in fact all other things usually surrounding ownership and actual or constructive possession were wanting, was error.

APPEAL from Burleson. Tried below before the Hon. I. B. McFarland.

Thos. F. Hudson, Jr., sued P. J. Willis & Bro. and Sam. G. Wilson, alleging that Thos. F. Hudson, Jr., on December 2, 1882, was the owner, and was in the quiet and peaceable possession of a stock of goods in the town of Caldwell, of the value of $4,500; that on the 2d of December, 1882, Willis & Bro. and Sam. G. Wilson seized the property and took it away, and converted the same to their own use — to plaintiff's damage $5,000; that in making said seizure, Wilson was instigated by his co-defendants, Willis & Bro., "who wantonly caused said seizure and conversion with intent to harass, injure and oppress Thos. F. Hudson, Jr.;" and further, that at the time Thos. F. Hudson, Jr., was *a merchant in good standing and credit;* that the property seized constituted his entire stock in trade, and that Willis & Bro. well knew this and caused the seizure to be made for the purpose of harassing Thos. F. Hudson, Jr., and to ruin his credit, etc., and that said acts did injure Hudson's credit and ruined his business, to his damage $25,000.

The defendants answered by a "general demurrer" and a "general denial." The jury rendered a verdict in favor of plaintiff, and assessed all damages against P. J. Willis & Bro., $4,046 actual damages, and $5,000 exemplary damages, and judgment was entered

against P. J. Willis & Bro. for said amounts, and in favor of Sam. G. Wilson against the plaintiff for his costs.

The court charged as follows: "The plaintiff's title and possession will be sufficient to maintain this suit, if it appears from the evidence that the goods had been bought and that the business was conducted in his name at the time of the levy."

The plaintiff in his petition alleged that he was the owner of the property seized and converted, and that the property seized (under execution against Thos. F. Hudson & Son) constituted his entire stock in trade. Plaintiff introduced evidence to show the truth of these allegations, and defendants introduced evidence to show that the property seized belonged to the father and brother of plaintiff (against whom they levied the execution), and that the business conducted with the property was under the name of Thos. F. Hudson, Jr., but was in fact the business of Thos. F. Hudson, Sr., and John A. Hudson, and was not, therefore, the business of Thos. F. Hudson, Jr., as he claimed.

Defendants had pleaded a general denial of all the allegations of plaintiff's petition. The record is quite lengthy, but it is believed the opinion will be understood without a review of the lengthy case.

*McLemore & Campbell*, for appellants, that the charge which assumed that plaintiff might recover if the goods were bought and the business conducted in plaintiff's name without reference to the true ownership, was erroneous, cited: Mims v. Mitchell, 1 Tex., 447; Caldwell v. Haley, 3 Tex., 319; Carter v. Wallace, 2 Tex., 207; Guess v. Lubbock, 5 Tex., 535; Tisdale v. Mitchell, 12 Tex., 68, 70; McGehee v. Shafer, 9 Tex., 20; Boynton v. Tidwell, 19 Tex., 118; H. & T. C. R'y Co. v. Harn, 44 Tex., 628; Rules District Court Texas, No. 7; Freiset v. Caleb, 21 Cal., 71; 22 Cal., 164; Davis v. Warfield, 38 Ind., 461; Kenedy v. Shaw, 38 Ind., 474; Sparks v. Heritage, 45 Ind., 66; Thompson v. Swatzer, 43 Ind., 312; Rotan v. Fletcher, 15 Johns., 208; Schermerhorn v. Van Valkenburg, 11 Johns., 529; 6 Duer, 256; 14 Barb., 536; 3 N. Y., 510; 44 Am. Rep., 44; Stearns v. Vincent, 50 Mich., 209; Bliss on Code Pleading, §§ 328, 333, 382; Green's Texas Pleading and Practice, §§ 100–779 and authorities; Greenleaf on Ev., § 648; Gould's Pleadings, §§ 306–8, 325, 334 *et seq.;* 1 Smith's Leading Cases, 490–559; Sutherland on Damages, vol. 3, 524–528.

*G. E. Mann*, also for appellants, that considering the state of the pleading, the plaintiff could not recover without showing ownership

in himself, cited: Wallace *v.* Finberg, 46 Tex., 46; Hildebrant *v.* Booth, 7 Tex., 501; Porter *v.* Miller, 7 Tex., 479; I. & G. N. R. R. Co. *v.* Benitos, 59 Tex., 329; McCamant *v.* Batsell, 59 Tex., 371; Sanborn *v.* Hamilton, 18 Vt., 592; Reed *v.* Lucas, 42 Tex., 533; Green *v.* Barney, 20 Am. Dec., 315; Clark *v.* Foxcroft, 20 Am. Dec., 315; 6 Greenl., 296; Langford *v.* Owsley, 2 Bibb, 215; S. C., 4 Am. Dec., 700; Peoria R. R. Co. *v.* Bryant, 57 Ill., 479.

He also cited against the charge of the court: Cook *v.* Howard, 13 Johns., 277, 283; Schermerhorn *v.* Van Valkenburg, 11 Johns., 527, top p. 528; Barwick *v.* Barwick, 11 Ired. Law (N. C.), 80 to 84; Brady *v.* Whitney, 24 Mich., 155; Stephenson *v.* Little, 10 Mich., 439; Davidson *v.* Waldron, 31 Ill., 129; Sylvester *v.* Girod, 4 Rawle (Pa.), 189, 190; 3 Starkie on Ev., 1504; Bacon's Abridgment, title Trover, 706 and 702; Boynton *v.* Tidwell, 19 Tex., 121; Pridgin *v.* Strickland, 8 Tex., 434; Porter *v.* Miller, 7 Tex., 468; G., C. & S. F. R. R. Co. *v.* Levy, 59 Tex., 547; Hogan *v.* Kellum, 13 Tex., 399, 400.

*Sayles & Bassett*, *W. K. Homan* and *Hume & Shepard*, for appellee, that the ownership of the goods in another could only have been shown by appellant after plea in confession and avoidance, which was not pleaded, cited: Carter *v.* Wallace, 2 Tex., 206–208; Guess *v.* Lubbock, 5 Tex., 536, 538, 539; Love *v.* McIntyre, 3 Tex., 10, 12; 1 Waterman on Trespass, sec. 584 *et seq.;* Abbott's Trial Ev., p. 631, sec. 8; 2 Greenl. Ev., secs. 613, 633, 625, 629, 634; 1 Chitty, Pl., 560; 2 id., 713; Ullman *v.* Barnard, 7 Gray, 554; Lyle *v.* Barnard, 5 Binn., 457; Spoor *v.* Holland, 8 Wend., 445; Ingersoll *v.* Von Bokkelin, 7 Cow., 670; Adams *v.* O'Connor, 100 Mass., 545; White *v.* Webb, 15 Conn., 302.

They cited other authorities on propositions not noticed in the opinion.

WILLIE, CHIEF JUSTICE.— Much discussion has been had by counsel as to what defenses are admissible under the general issue in the various common law forms of action appropriate to the state of case made by the plaintiff's petition.

We deem it unnecessary to enter into an examination of the principles governing the pleadings used in such actions, or the character of evidence admissible under each of them.

We have abolished all common law forms of action, and under our system a plaintiff states the very case upon which he seeks to recover, and a general denial puts him upon proof of at least every

affirmative allegation necessary to maintain his suit unless it be some allegation that by the rules of pleading must be met by a plea in abatement. Tisdale v. Mitchell, 12 Tex., 70; Texas Trans. Co. v. Hyatt, 54 Tex., 215; Porter v. Miller, 7 Tex., 473; Pridgin v. Strickland, 8 Tex., 434.

The defendant, in pleading to the action, looks to the petition — not to see whether it is trespass, trover or case, but to ascertain what are the facts he is expected to meet; what he must disprove under the general denial or confess and avoid under a special answer.

The present petition makes out a case where a merchant, who was owner and in possession of a stock of goods, and doing business with them, had been injured by an illegal seizure and conversion of his goods, and claimed damages, actual and vindictive, for the wrong done him. He sued P. J. Willis & Bro., together with Wilson, for the illegal seizure and conversion; claimed that Willis & Bro. instigated Wilson to make the seizure, and were actuated by malice, etc., against him in so doing, and that they had injured his credit and ruined his business as a merchant.

This is the case the appellants had to meet, and if established by *prima facie* evidence on the part of the plaintiff, they could not successfully meet it except by disproving some of the material allegations of the petition; or by confessing them and justifying the supposed wrongs laid to their charge. If they relied on the inability of the plaintiff to prove any of these allegations, or upon their own ability to disprove one or more of them, the general denial was all they needed. For instance, if the ownership of the goods was a material issue between the parties, there was no necessity for a special denial of that fact, for such a plea would be included within the general denial of all material allegations. Herndon v. Ennis, 18 Tex., 412. They could not attack the general ownership by a confession and avoidance, for when the fact was admitted by this plea that question was at an end. If they wished to show that, whilst the plaintiff was owner as to every one else, he was not as to themselves, they should confess this general ownership and show in avoidance the circumstances which made it void as to them. For instance, if the defendants proposed to show that the plaintiff's title to the goods was derived by a conveyance from Hudson, Sr., or Hudson & Son, fraudulent as to themselves and other creditors, they must confess the ownership so far as it could be given by the conveyance, but allege its invalidity as to them because of its being fraudulent as to creditors. For such a conveyance is good between

the grantor and grantee, and void only as to the parties defrauded, or intended to be defrauded, by it.

The defendants did not, in this case, rely upon any fraudulent conveyance of the goods to show that the plaintiff was not the owner as against their right to levy upon them for the debts of his grantor; but they claimed that the goods did not belong to plaintiff as against any one, or in any sense whatever. It is clear that no special plea, nor any plea in confession and avoidance, was necessary or even proper to raise the issue of ownership under these circumstances, or to authorize evidence on either side of that issue.

The only question, then, is, Was the issue of ownership a material one in the cause?

It may be admitted that in actions of trespass and trover, as known to the common law, a bare possession is sufficient title upon which to recover as against a naked trespasser.

It is to be remarked, however, that, at least in an action of trover, it has been held by respectable authority, that proof that the goods converted were not owned by the plaintiff is sufficient to defeat the action. Rotan v. Fletcher, 15 Johns., 207; Sheldon v. Soper, 14 id., 352; Tuthill v. Wheeler, 6 Barb., 362; Clapp v. Glidden, 39 Me., 448, 451.

Be this as it may, it is clear that the rules which govern these forms of action have no application to our system when the plaintiff recovers upon the special case made by his pleadings.

The defendant, sued in trespass or trover, had notice that the plaintiff might rely upon a mere naked possession, perhaps a wrongful one as against the true owner, and prepared himself accordingly. But who, when sued under such allegations as are contained in the present petition, would suppose that the merchant, owner of the goods seized, and in possession of them, whose business and reputation had been ruined by the seizure, and against whom the defendants entertained such malice as induced them to bring about this effect, would expect to recover by proving that he was the mere naked possessor of somebody else's stock, and that other parties were doing business in his name? In fact that he expected to recover although he was no merchant, had no goods, was doing no business, and had not himself been damaged in the least by the conduct of the defendant?

A naked possessor may recover against a wrong-doer in this state as well as in England; but in such case it is more consistent with our system of pleading that he should so set forth his cause of action; or at least should not so qualify the statement of his possession, and

specify the facts which constitute it, as to mislead his adversary into pleading and preparing evidence upon a false issue, and one not intended to be raise upon the trial.

The present petition did not stop at a mere allegation of ownership and possession, but averred a state of facts surrounding the possession that would lead any one to suppose that a real ownership would be relied on, accompanied by a possession such as persons doing a mercantile business have of their stock in trade; a possession and ownership that would give the merchant a standing and reputation in the commercial world, such as might be injured by a seizure and conversion of his stock in trade.

Taking all the allegations of the petition together, we think the ownership of the goods was a fact material to the plaintiff's recovery, and that it should have been proved as alleged, and might have been disproved under a general denial.

But if this were not so, the possession of the goods was certainly in issue under such a plea. The plaintiff offered evidence to show that he was in actual possession of the goods, whilst the defendants attempted to show that he was not, but that Thos. F. Hudson, Sr., was in possession of them. The plaintiff, as evidence both of his ownership and possession, showed, among other things, that the goods were bought in his name and consigned to him. The defendants sought to show that, whilst this was the case, Thos. F. Hudson, Sr.'s, money had paid for the goods, and they were really owned by him, and that Thos. F. Hudson, Jr., meant Thos. F. Hudson, Sr., or Thos. F. Hudson & Son, when used in reference to said mercantile business; that the former's name was merely used as a device under which Thos. F. Hudson, Sr., sought to do business without subjecting his goods to the claims of his creditors.

Now, it is clear that, if this defense were made out, it would disprove as well the possession as the ownership of the goods claimed by the appellee. Every person present in a store where goods are sold, and participating in their custody, control and sale, cannot be said to be in possession of them in such manner as to authorize him to bring suit for their value against a trespasser. A merchant owning a stock of goods may sell them through his clerks, servants and agents; may visit his store only occasionally, and may be absent from it at the time the trespass is committed; still he is the actual possessor of the goods — the one to sue for the trespass,— and a suit like the present, brought by one of his servants, would be defeated on proof of the facts we have just stated. Stearns v. Vincent, 50 Mich., 209. He is no less the actual possessor of the property, and

the one in whose name such suit should be brought, because he has bought the goods in the name of another, and shipped them in that name, if he has paid for them with his own money. If this be so, the above charge of the court is necessarily incorrect. It made the name in which the goods were bought, and in which the bills of lading were made out, full proof of possession as well as of ownership, although all other facts usually surrounding ownership and actual or constructive possession were wanting.

Under such a charge the jury may have believed that the senior Hudson was the owner of the goods, and exercising such control over them as amounted to an actual possession of them, exclusive of every one else, and yet if he bought them in the name of the junior Hudson, and had the bills of lading made out in the latter's name, the suit could be maintained by the plaintiff. This charge took from the jury all question as to the position of the plaintiff in the store, or as to the capacity in which he acted in exercising any control over the business, and compelled a verdict for the plaintiff, though the jury may have believed that he never had anything to do with the goods, or actually possessed or controlled them in any manner whatever. In this the court plainly erred; and according to the views already expressed, the entire charge upon the subject of the ownership and possession of the goods was not in accordance with the law applicable to the facts before the jury, and the pleading of the respective parties.

There are other points made in the brief of appellants, but some of them involve questions not likely to arise upon another trial, and the others are not of sufficient importance to require consideration.

For the errors indicated the judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 27, 1885.]