CASE 37—ACTION TO ENFORCE A LIEN—MARCH 13.

# Funk, &c., v. Procter, &c.

APPEAL FROM WARREN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL.   AFFIRMED.

BURDEN OF PROOF—IDENTITY OF MORTGAGE NOTE.

Held:   Where a mortgagee was made a party defendant to an action
   by another lienholder, who alleged in his petition that the mort-
   gage was fraudulent and was executed to secure a note for
   $500 which was without consideration, and the mortgagee filed
   an answer alleging that the mortgage was executed in good faith
   to secure a note for $500, money borrowed, which by. payments
   was reduced to $319, for which a new note was executed, the
   allegations of the answer being denied by reply, the burden was
   on the mortgagee to show that the note for the payment of which
   the mortgage was sought to be enforced was a renewal of the
   note secured by the mortgage

T. L. EDELEN AND WRIGHT & McELROY, FOR APPELLANTS.

W. E. GARTH AND PROCTER & HERDMAN, FOR APPELLEES.

   (No briefs.)

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

This action was instituted by appellees against M. S.
Funk to subject his property to the payment of judgments
that had been obtained against him, and upon which exe-
cutions had been issued and returned no property found.
The Warren Deposit Bank was made a defendant, and the
allegations as to them are as follows: "Plaintiff further
says that on the —— of ———. 1894, the defendant exe-
cuted and delivered to the Warren Deposit Bank, a cor-
poration created and organized under the laws of Ken-
tucky, a certain instrument of writing, called a 'mortgage,'
for the sum of $500, by which writing the said Funk at-
tempted to give to said bank a lien upon his property situ-

ated in said store above described, and now levied on by these plaintiffs; that said attempted mortgage was made during the pendency of the suits in which the aforesaid judgments were rendered, and before execution could be issued thereon, and that it was for the purpose of hindering, delaying, and defrauding these plaintiffs in the execution of their debt; that the property upon which they hold their aforesaid lien consists of a lot of finished stock, at the date of the levy: Marble, $635; rough stone on hand, $115; rough limestone on hand, $80; tools and machinery, $190—amounting in all to $1,010. The material averments of the answer of the Warren Deposit Bank to the allegations quoted *supra* are as follows: "The defendant says that M. S. Funk agreed, by his promissory note dated April 24, 1894, thirty days after date to pay to the defendant the sum of $500, negotiable and payable to the Warren Deposit Bank, and that said Funk, in order to secure to this defendant the payment of this debt, which was a loan to said Funk, on that day mortgaged to this defendant the finished monuments on hand, the tools and machinery, and the unworked stone on hand; that said Funk paid said debt, and reduced same until now it was only $319, with interest from August 2d, subject to a credit of $26 paid August 27, 1894; that the money was loaned simultaneously with the taking of the mortgage, and that its mortgage is a superior lien to the execution lien of plaintiffs; that the property upon which the plaintiff is seeking to enforce a lien is the same property upon which the defendant has a mortgage lien, and the defendant objects to the property mortgaged to it going into the hands of a receiver." And it says "that this debt herein is a renewal of the $500 debt, and will not fall due until October 2, 1894." Appellant M. S. Funk filed his separate answer,

in which he admits the execution of the mortgage to the
Warren Deposit Bank, and avers that it was executed in
good faith to secure the payment of the money borrowed
from the bank for the purpose of buying stock and materi-
al in his business as a marble dealer. Appellees filed a
joint reply to the separate answers of Funk and the bank.
In reply to the answer of Funk they deny that the mort-
gage was given in good faith to secure a loan of money
made simultaneously with its execution. And, for reply to
the answer of the Warren Deposit Bank, they admit the
execution of a note by M. S. Funk to the bank for $500 on
April 24, 1894, but deny that the mortgage given on that
day was a valid one or that it was given in good faith, and
allege that, if said mortgage was given in good faith to se-
cure any debt, it was for the note of $500 dated April 24,
1894, and was not given to secure the payment of a note
for $319 dated August 2d; and they allege that this note
was executed for a new debt, and that said bank
loaned Funk other money to the amount of $———,
subsequent to the loan of $500, for which the
mortgage was executed, and that Funk had made
payments on the $500 note executed to the bank,
in addition to those admitted in the answer; and
they deny that the $319 set up by the answer of the bank
is a renewal of the $500 note, and allege that Funk had
paid the bank since the execution of that note sufficient
money to discharge same, and that the bank had relin-
quished its lien for that amount. Subsequently the War-
ren Deposit Bank filed a rejoinder to this reply, in which
they traversed the affirmative allegations of the reply,
and denied that the $319 note filed with their answer dated
August 2d was executed for a new debt, and alleged that
it was the successor to the note for which the $500 mort-

gage was given; and that they had received no more pay-
ments on their original note than were admitted in their
answer, or had in any way surrendered or abandoned their
mortgage lien to secure its payment.   No proof of any kind
was taken upon the issues raised by the pleadings be-
tween the appellees and the bank, and upon final submis-
sion the Circuit Judge held that the burden of proof was
upon the bank to identify the $319 note set up with its an-
swer as a renewal of the $500 note which was secured by
the mortgage, and also to identify the property covered
by the mortgage by proof *aliunde*, and in default of such
proof decided against their alleged lien.   And to reverse
that judgment the bank and M. S. Funk prosecute this ap-
peal.

The main question, therefore, to be determined on this
appeal, is where the burden of proof rested under the
pleadings.   "An unfailing test adopted by the courts for
ascertaining upon which side the affirmative of an issue
really lies is to consider which party would be successful
if no evidence at all were given, or, what is substantially
the same thing, to examine whether, if the particular alle-
gations to be proved were struck out of the answer or the
pleadings, there would or would not be a defense to the ac-
tion, or answer to the previous pleadings."   See 1 Wait,
Law & Prac. (5th Ed.) 465; Civil Code, section 526.   There
are cases where both parties hold the affirmative as to the
issue to be tried, as where the plaintiff sues for the recov-
ery of money lent, and the defendant interposes with a
general denial and also a claim for set-off.   In such a case
the plaintiff would be bound to prove his case, and if he do
so, and then rest his case, the defendant would be required
to prove his set-off by evidence, or it will not be allowed.
Another well-recognized rule of evidence in regulating the

proof is that the law will not force a man to show any-
thing which by intendment of law is not within his knowl-
edge. In this case the plaintiffs allege, in substance, that
the defendant bank has a mortgage of record upon the
same property of the defendant Funk, as they levied upon
by their executions, to secure the payment of a note for
$500; but they allege that the note itself was
without consideration, and the mortgage itself
fraudulent and against their rights. The bank
answers that the mortgage was executed in good
faith to secure a note for $500 for money bor-
rowed, but that the original note had been materially re-
duced, and a new note executed for the balance for $319.
Plaintiffs, by way of reply, deny that the $319 note is a re-
newal of the $500, and allege that it was executed for an
entirely independent consideration. In passing upon a
case of this sort, 1 Jones, Mortg., p. 52, sec. 71, says: "Up-
on the foreclosure of a mortgage, it is necessary to produce
the note, if there be one; and if the note produced corre-
sponds with the description in the mortgage, as to the
date, amount, parties, rate of interest, and maturity, such
correspondence, coupled with the possession of the note
by the holder of the mortgage, raises a presumption of
identity, and throws upon the mortgagor the burden of
showing another note of like description. Parol evidence
is admissible to identify the note intended to be secured."
And the Encyclopaedia Pleading and Practice (volume.
9, p. 400) says: "Where a mortgage secures a note or bond,
it is a  general rule that the secured instrument must be
produced in court, or its nonproduction accounted for, be-
fore a decree of foreclosure can be properly rendered. The
absence of the note or bond raises the presumption of pay-
ment, and entitles the defendant to a dismissal."

In this case the note alleged to be a renewal of the note which the mortgage was made to secure does not correspond either in date or amount with that secured by the mortgage. The alleged facts showing it to be a renewal of the secured obligation were peculiarly within the knowledge of the bank, and it seems to us that, as these facts were put in issue by the reply, the burden of showing them was upon the bank; and, it failing to do so, the court properly found against the validity of the claim. For the reasons indicated, the judgment is affirmed.