GEORGE R. GREATHOUSE, EXECUTOR, ET AL v. C. W. MARTIN ET AL.

No. 1572.   Decided June 20, 1906.

**1.—Corporation—Directors Voting Themselves Salaries as Officers.**

One controlling a majority of certain corporate stock chose a board of directors dominated by himself and friends, to whom he had presented stock to qualify them to be directors, and had a salary fixed for a treasurer, who was to be general manager, and himself elected to the position. Such action, the vote of himself, an interested party, being necessary to its accomplishment, was void as against objecting stockholders, and they could recover back, in a suit on behalf of the company and stockholders generally, the salary received and appropriated by him under such order. (Pp. 100–102.)

**2.—Pleading—General Denial—Quantum Meruit—Burden of Proof.**

In an action to recover back, for the benefit of stockholders, money of a corporation appropriated by its treasurer as salary, in accordance with a vote of the directors fixing his compensation, held invalid because he acted as director in his own interest in fixing same, where the petition alleged that such compensation was unreasonable and excessive, defendant, under a general denial, could prove that it was reasonable, and be allowed what his services were worth; but in this state of the pleading the burden was on him to prove the value of such services, and, in the absence of evidence on the point, judgment was properly rendered against him for the entire amount. (Pp. 101, 102.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Wise County.

Greathouse, executor of a deceased stockholder in the Wise County Coal Company, sued Martin, its treasurer and manager, and others, seeking, among other things, to recover, for the benefit of the company and its stockholders, the money appropriated by Martin as salary. It was claimed that the order allowing the salary was void because procured in his own interest, by defendant and other directors who were mere "dummies" under his control, and that the amount was unreasonable. Plaintiff recovered in part but was denied, among other relief sought, recovery of the salary, and he appealed. The Court of Civil Appeals reformed the judgment so as to allow the salary to be recovered back from Martin, and affirmed the judgment as so reformed. Both parties obtained writs of error.

*R. E. Carswell* and *A. M. Carter,* for Greathouse and others.

*Simmons & Clendenen,* for Martin.—C. W. Martin was entitled to a salary of $150 per month as treasurer and general manager of the Wise County Coal Company, first, because the evidence showed that the resolution fixing his salary was legally passed by the board of directors; and, second, because the evidence showed that the services rendered were reasonably worth said sum. Rev. Stats. of Texas, art. 61, sec. 8; Farwell v. Babcock, 3 Texas Ct. Rep., 525; College Park Electric Belt Line v. Ide., 15 Texas Civ. App., 273; Jessup v. Illinois Cent. Ry., 43 Fed. Rep., 483; 3 Thompson on Corp., secs. 4068, 4071; 1 Mora. on Corp., sec. 527; Seymour v. Cemetery Assn., 144 (N. Y.), 333; San Diego Ry. v. Pacific Beach Co., 112 (Cal.), 53; Louisville, N. A. & C. Ry. v. Carson, 151 Ill., 444.

BROWN, ASSOCIATE JUSTICE.—From the opinion of the Court of Civil Appeals we copy the following statement:

This suit, "as originally instituted, was by George R. Greathouse as the legal representative of Henry Greathouse, deceased, who had been a stockholder in the Wise County Coal Company, among other things to recover in behalf of the estate of the deceased and of the Wise County Coal Company and of all other stockholders who might see proper to come in and join the plaintiff, about $30,000 of moneys of the said coal company, alleged to have been unlawfully appropriated by C. W. Martin, acting as manager and treasurer of the company. Included among such moneys alleged to have been unlawfully appropriated by the appellee Martin, were moneys appropriated by said Martin as salary, which had been fixed by C. W. Martin and others at a directors' meeting. The court's findings pertinent to the question discussed are as follows:

" 'On January 12, 1904, a meeting was held by the stockholders of the Wise County Coal Company, the following stockholders being present: C. D. Cates, C. W. Martin, George R. Greathouse, Mrs. Mary G. Shawn and J. E. Mitchell. On motion of C. W. Martin the following board of directors were selected to serve for the ensuing year, to-wit: C. W. Martin, C. D. Cates, A. A. Soward, G. W. Short and G. R. Greathouse. After the adjournment of that meeting and on the same day the said board of directors held a meeting, all being present, and after adopting a revision of the by-laws for the company, the salary of the treasurer of the company was, on motion of C. W. Martin, fixed at $1,800 a year, and that of the secretary at $75 per month. On motion of G. R. Greathouse, C. W. Martin was then elected treasurer and C. C. Cates secretary. For some reason, unexplained by the evidence, J. E. Mitchell, a stockholder in the company, but not a director, was present at this meeting of the directors and participated therein to the extent at least of making and seconding motions to adopt different sections of said by-laws. Soward and Short each held a share of stock in the company which Martin had transferred to them as a present for the purpose of qualifying them to act as directors; being Martin's friends, Martin expected them to vote with him in the meetings of the board, and Soward and Short have at all meetings since their election cooperated with Martin. The stock owned by Martin and that held by Soward and Short together constituted a majority of the entire capital stock of the company. Ever since said election the officers have assumed the duties of their respective offices.

" 'The by-laws of the company made the treasurer general manager of the company. After the institution of this suit on May 12, 1904, a called meeting of the board of directors was held at the instance of C. W. Martin, at which C. W. Martin, A. A. Soward, G. W. Short and C. D. Cates were present. At this meeting C. W. Martin stated that he had been embarassed by the bringing of this suit and would like for his salary as treasurer and general manager to be paid to him in advance in order to relieve him of the embarrassment. He then moved that his salary be paid to him in advance, which motion was seconded by G. W. Short and carried. C. D. Cates, the president of the company, protested against this resolution as he had previously protested on January 12,

1904, against the resolution then passed fixing the salary of the treasurer and general manager at $1,800 a year. George R. Greathouse also voted against the last named resolution. Martin did not avail himself of the benefits of the resolution last mentioned, but ever since his election as treasurer and general manager he has appropriated $150 per month for his services as treasurer and general manager, said appropriation being made at the end of each month.

" 'One of the by-laws adopted by the board of directors at their meeting January 12, 1904, authorized the board of directors to fix the salaries of the officers of the company. . . .

" 'The salary of $1,800 per year voted to C. W. Martin, as treasurer and general manager may seem excessive, considering alone the time which he devoted to the affairs of the company, but considering the prosperous condition of the company under his management, said salary does not appear to be grossly excessive.' "

The facts justify the judgment of the Court of Civil Appeals, unless Martin is entitled to receive the value of his services rendered to the corporation.

In the plaintiffs' petition is the following allegation: "The management of all other matters connected with the affairs of the said company were performed by miners under a mining boss and the books of the said company were kept by the secretary thereof. That said salary of $1,800 is entirely unreasonable and absolutely out of all proportion to the services rendered by the said Martin, or which he or the said dummies had any reason to suppose he would render. That his said services were not of the value of $200 per year to the said company if honestly and faithfully performed, which he has wholly failed to do." Defendant Martin answered by a general denial, but filed no special plea setting up a claim for a quantum meruit for the services rendered. The allegations of the petition and the general denial put in issue the question whether the salary of $1,800 was reasonable or unreasonable, and without any pleading other than the general denial Martin could introduce evidence to establish the proposition that the salary was a reasonable compensation for the services rendered. But the question arises, could he in this state of the pleading introduce proof to show what was the reasonable value of the services that he rendered without regard to the contract which fixed the salary at $1,800 a year?

This court has been quite liberal on the question of pleading here presented. It has held, in effect, that where the plaintiff puts a matter distinctly in issue, evidence is thereby made admissible to disprove the allegation. (Hill v. Allison, 51 Texas, 390; Willis v. Hudson, 63 Texas, 678.) In Willis v. Hudson, the plaintiff alleged that he was the owner and in actual possession of the property seized, to which defendant made general denial. Plaintiff claimed that he could recover by reason of his actual possession, but defendant was permitted in this state of the pleading to prove that the goods belonged to plaintiff's father. The court said: "If they relied on the inability of the plaintiff to prove any of these allegations, or upon their own ability to disprove one or more of them, the general denial was all they needed. For instance, if the ownership of the goods was a material issue between the parties, there was no necessity for a special denial of that fact, for such a plea would

be included within the general denial of all material allegations." The plaintiff seeks to recover of Martin money received by him under a resolution of the board of directors fixing the salary of the treasurer of that corporation on the ground that the action of the board of directors was invalid, because Martin, being one of them and interested, procured the adoption of the resolution by his own vote; also that the salary thus fixed at $1,800 a year was unreasonable and exorbitant. To this pleading Martin filed a general denial which put in issue the reasonableness of the salary. In this state of the pleading it would have been admissible for Martin to introduce evidence to show what services he rendered and what they were reasonably worth and the court might have allowed him the reasonable value of his services notwithstanding the invalidity of the action of the board of directors in fixing it, unless his conduct in the management of the business was of such a character as to justify the court in denying him any compensation. (Chandler v. Monmouth Bank, 1 Green (Law), 260; Santa Clara Mining Assn. v. Meredith, 49 Md., 389.)

There was no testimony introduced, so far as we have been able to find by an examination of the record, which tended to prove what the services of Martin were worth. In this state of the evidence the absence of such testimony becomes material, for if it devolved upon plaintiff to prove the value of the services, the judgment of the Court of Civil Appeals must be reversed, otherwise it must be affirmed. The rule is that the burden will rest upon the plaintiff if the fact to be proved be essential to his recovery, otherwise upon the defendant. (Funk v. Proctor, 61 S. W. Rep., 286; Willett v. Rich, 142 Mass., 356.) In the case last cited the court said: "Whoever desires any court to give judgment as to any legal right or liability dependent on the existence or nonexistence of facts which he asserts or denies to exist, must prove that those facts do or do not exist."

When the proof showed that the action of the board of directors was not binding upon the corporation, the plaintiff was entitled to recover from Martin the money which had been paid to him under that invalid order, unless Martin could show himself entitled to retain it by reason of the fact that he had performed valuable services to the corporation for which he would be entitled to just compensation. Martin desired the court to enter judgment establishing his right to reasonable compensation for services rendered under the invalid contract. The burden was on him to prove their value. Having introduced no evidence whatever as to the reasonable value of the services rendered by him, the Court of Civil Appeals had no basis upon which to render any judgment in his favor after it had found, as we think it was justified in doing, that the order of the board of directors fixing his salary was unlawfully obtained by him, and constitutes no lawful basis for a claim on his part to be renumerated for the services rendered.

It follows from our conclusion that the judgment of the Court of Civil Appeals should be affirmed.

*Affirmed.*