MEADE vs. BLACK, impleaded with another.

*Action to remove cloud on title—must be by one in possession.—Evidence.*

1. A party not in possession of real estate cannot maintain an action to remove a cloud upon his title thereto.

2. Plaintiff in such an action claimed to be in possession through one O. as his tenant, and testified that O., though he paid no rent, never denied to him that he was his tenant or set up any claim to the land. *Held*, that the complaint and answer in an action of ejectment then pending by said plaintiff against O. for the same premises, should both have been admitted in evidence for defendant to contradict plaintiff's testimony, and as tending to show the nature of O.'s possession.

APPEAL from the Circuit Court for *Outagamie* County.

Action to have a tax deed on lots 2 and 3, in section 4 of town 21 in said county, adjudged void, and all right, title and interest of defendants in and to the premises, under said deed, barred, and themselves adjudged to release to the plaintiff all claim thereto.

The complaint averred title in fee and possession of the lands in the plaintiff, and the answer denied both. The

plaintiff proved legal title to both lots in himself by patent from the United States in 1851. Plaintiff's testimony as to his possession is stated in the opinion below, as also certain rebutting evidence offered by defendants. It appeared from the testimony of the defendant *Phillips*, that he had been in actual occupation of lot 2 for more than a year under a deed from *Black*.—The court found that plaintiff had the legal title to, and was in possession of lot 3 at the commencement of the action; and, holding the tax deed void, rendered judgment against *Black* as demanded; from which he appealed.

*Anson Ballard*, for appellant, contended that to entitle a party to the remedy provided by the statute (sec. 29, chap. 141, R. S.), he must show that he has actual, open and exclusive possession of the premises (*Jones v. Collins*, 16 Wis., 601); and that the evidence in this case showed that Odell was in possession not as plaintiff's tenant, but adversely to him.

*Hudd & Wigman*, for respondent.

COLE, J. If the bill of exceptions in this case purported to contain all the evidence given on the trial, we should be clearly of the opinion that the plaintiff failed to show that he was in possession of the premises. The establishment of the fact of possession, as it was put in issue by the answers, was essential to his case. The action was brought to remove a cloud upon the title created by the tax deed mentioned in the complaint; and it presupposes that the plaintiff is not only the holder of the legal title, but is in possession of the real estate, in order to entitle him to this equitable remedy. For, as was said in *Jones v. Collins*, 16 Wis., 594–601, a court of equity is not the proper tribunal to try and adjudicate actions of ejectment, but a court of law; and it would be a perversion of the object of the statute, to allow a party not in possession to maintain this action.

The circuit court, however, found that the plaintiff was in possession of lot 3 at the commencement of the action, and had the legal title thereof; and as the bill of exceptions does not state that it contains all the evidence offered upon the trial, we must assume that this finding was warranted by the testimony.

It appears that the plaintiff sought to establish the fact of possession in himself by showing that the relation of landlord and tenant existed between him and one Odell. He testified that he had never lived upon the land himself, but that he had been in the continuous possession of the premises for twenty years by Charles Odell, his tenant. He did not claim that Odell had ever paid him any rent, or that he had demanded rent of him. He says that Odell was a poor man, an old friend of the family, and that he had allowed him to remain upon the land. He further states that Odell never denied to him that he was his tenant, and never set up any claim to the land. The defendants, to maintain the issue on their part, offered in evidence the complaint in an action of ejectment instituted by the plaintiff against Odell, which action was still pending in the circuit court. The court admitted the complaint in evidence, under objection by the plaintiff. The defendants further offered to give in evidence a duly verified answer of Odell to this complaint, in which answer Odell claimed to be the owner of the land and entitled to the possession. The admission of this answer was likewise objected to by the plaintiff, and the objection was sustained. Was the ruling of the court, excluding the answer, correct? It appears to us not. We think the answer was admissible, in the first place, upon the ground that it tended to discredit the plaintiff's own testimony, that Odell had never set up any title to the land. It appears from the answer that the plaintiff was mistaken upon that matter— that Odell had denied in the most solemn manner that he

was the plaintiff's tenant, and had claimed to own the land himself. It was therefore a flat contradiction of the plaintiff upon that point. Again, we think the answer was admissible in evidence on the ground that it tended to illustrate and explain the character of Odell's possession, which was one of the principal facts under investigation. The objection to the admission of the answer in evidence doubtless would be, that it was the declaration of a third party—in the nature of hearsay evidence—and, therefore, upon a well-settled principle, inadmissible. But says Prof. GREENLEAF, when treating this branch of evidence, "There are other declarations which are admitted as original evidence, being distinguished from hearsay by their connection with the principal fact under investigation. The affairs of men consist of a complication of circumstances, so intimately interwoven as to be hardly separable from each other. Each owes its birth to some preceding circumstance, and in its turn, becomes the prolific parent of others; and each, during its existence, has its inseparable attributes, and its kindred facts, materially affecting its character, and essential to be known in order to a right understanding of its nature. These surrounding circumstances, constituting parts of the *res gestæ* may always be shown to the jury, along with the principal fact; and their admissibility is determined by the judge, according to the degree of their relation to that fact, and in the exercise of his sound discretion, it being extremely difficult, if not impossible, to bring this class of cases within the limits of a more particular description. The principal points of attention are, whether the circumstances and declarations offered in proof were contemporaneous with the main fact under consideration, and whether they were so connected with it as to illustrate its character." 1 Greenl. Ev., § 108. Upon a kindred principle, it seems to us, the answer was admissible. It was a solemn affirmation of the party in

possession of real estate, when called upon in a judicial proceeding to assert by what right he held the property, and was certainly explanatory of the character of the possession. Nothing could be more satisfactory to show that Odell had denied that he was the plaintiff's tenant, than this sworn answer in a suit commenced by the plaintiff to remove him from the premises. It might not be competent evidence to show that he was not the tenant of the plaintiff, but it would certainly show that in that suit he had claimed the property as his own. We cannot see why it was not admissible, therefore, to explain the character of his possession, which was one of the principal facts in controversy. See *Abney v. Kingsland*, 10 Ala., 355; *Hood v. Hood*, 2 Grant's Cases (Penn.), 229. Because the answer was excluded, we think the judgment must be reversed, and a new trial awarded.

*By the Court.*—Ordered accordingly.