## BUZARD & HILLIARD v. McANULTY & MOSTY.

### No. 6647.

1. **Charge—Liability of Partners.**—See charge approved as submitting the issue whether defendants, sued as partners, were in fact partners at the time the contract declared on was executed by one of the defendants. The parties signed a contract of

partnership a few days after the contract sued on, and the firm received its benefits. Also see charges on same subject properly refused.

2. **Impeaching Testimony—Opinion.**—A predicate having been laid to attack a party testifying as witness, a witness called to impeach such party should not be allowed to testify to his conclusion or understanding as to the effect of the conversations in- quired about in laying the predicate for impeachment.

3. **Pleadings as Admissions in Other Suits.**—The pleadings of a party in one suit may be used in evidence against him in another; not as an estoppel, but as proof, open to rebuttal and explanation, that he admitted certain facts. But in order to bring such admissions home to him the pleadings must be either signed by him or it must appear that it was within the scope of the attorney's authority to admit such facts. Yet even if such admissions are thus brought home to the party they are entitled to but little weight.

4. **Photographic Copy as Basis of Comparison of Handwriting.**—A photo- graphic copy of a duplicate of the contract sued on was read in evidence as part of the depositions of the party defendant who signed the contract. To the photographic copy the name of the other defendant appeared as witness. He had testified that he was ignorant of the existence of the contract for several months after its date. He also de- nied his signature as in the photograph. *Held*, that the photographic copy could not be used as a basis of comparison, and that testimony of other witnesses that in their opinion the photographic signature was genuine was properly excluded.

5. **Same—Cases Adhered to.**—Eborn v. Zimpelman, 47 Texas, 503, and Houston v. Blythe, 60 Texas, 506, adhered to.

Appeal from Shackelford. Tried below before Hon. T. H. Connor. The opinion gives a statement.

*De Berry & Wheeler* and *Barnard & Green,* for appellants.—1. If Mc- Anulty & Mosty were jointly interested in this particular contract and it was entered into with the advice and consent of McAnulty, then Mc- Anulty is jointly liable with Mosty, notwithstanding the fact that they may not have been general partners at this date; and the charge of the court was not all the law of the case, was misleading to the jury, and the special charge should have been given. 1 Pars. on Con., 6 ed., pp. 172, 174, and notes; 1 Lind. on Part., 4 ed., pp. 55, 56; Ripley v. Colby, 3 Fost., 438.

2. In order to constitute a partnership it is not necessary that its terms should be reduced to writing. It is only required that the contract be fully understood and agreed upon. 1 Lind. on Part., pp. 27, 30; Hartman v. Woehr, 18 N. J. Eq., 383; Railway v. Le Gierse, 51 Texas, 189; Willis & Bro. v. McNiell, 57 Texas, 465; Dwyer v. Ins. Co., 57 Texas, 181; Glass- cock v. Hughes, 55 Texas, 461; Burnett v. Waddell, 54 Texas, 273; Bailey v. Mills, 27 Texas, 434; Austin v. Talk, 26 Texas, 127.

3. The general understanding of the witness could not be used to im- peach the direct evidence of a witness testifying to the contrary.

4. Conversations between the two defendants are not admissible against plaintiffs, they not being present. Overstreet v. Manning, 67 Texas, 664.

5. McAnulty was not a party to the suit of Buzard & Hilliard v. R. A.

Houston, and the allegations in the bill were not admissible in the present cause against McAnulty as an estoppel, because an estoppel must be mutual.    Bige. on Estop., 2 ed., p. 47.

6.    A bill in chancery is not admissible at all against the plaintiff in proof of the admissions it contains.    2 Whart. Law of Ev., 2 ed., sec. 1119; Boileau v. Rutlin, 2 Ex. R., 157; Doe v. Sybourn, 7 Term R., 3.

*J. R. Fleming* and *L. W. Campbell,* for McAnulty. — 1.    Although a charge of the court may be objectionable, the error will not be sufficient to require the reversal of the judgment if the attention of the court was not called to the error by the party complaining, either by an exception taken at the time or by asking a proper charge.    Railway v. Casey, 52 Texas, 112; Endick v. Endick, 61 Texas, 559; Ins. Co. v. Ende, 65 Texas, 118.

2.    Where the charge given works no injury to the party complaining, the giving of it, if erroneous, affords no ground for reversal.    A judgment by default admits all the allegations in plaintiff's petition and establishes his cause of action.    Guest v. Rhine, 16 Texas, 550; Long v. Wortham, 4 Texas, 381; Watson v. Newsham, 17 Texas, 437; Johnson v. Stallcup, 41 Texas, 529; Mason v. Slevins, 1 Ct. App. C. C., secs. 11, 72, 73; Tarrant County v. Lively, 25 Texas Supp., 399; Trabue v. Stonum, 20 Texas, 453; Graves v. Farquhar, 20 Texas, 455.

3.    Money obtained by one partner on his own individual credit and for which he gives his separate note or obligation, or money advanced to a member of a firm upon his individual credit or contract and for which he gives his individual obligation, is not chargeable to the firm of which he is a member, although it afterwards comes to its use.    Story on Part., secs. 134, 135, 140, 142, 146–150; Pars. on Part., pp. *105, *114, *214; Willis v. Hill, 31 Am. Dec., 412; Holmes v. Burton, 31 Am. Dec., 621; Peterson v. Roach, 32 Ohio St., 374; 1 Smith's Lead. Cases, 1318.

4.    A partnership is not liable for the individual debts of one of the partners made before the partnership, although the money derived from it may afterwards go into the partnership business, nor for contracts made in the individual name of the partner, unless it be shown to have been made for or by express authority of the firm.    Am. Lead. Cases, 449, *449; 1 Smith's Lead. Cases, 1314; Story on Part., secs. 146 (note), 147–150, note 2; Pars. on Part., *213–*215; Williams v. Robbins, 16 Gray, 77; Adkins v. Arthur, 33 Texas, 431; Burnley v. Rice, 18 Texas, 494; 1 Pars. on Con., 156; Saville v. Robertson, 4 Term R., 720.

5.    A witness who can not remember the exact words of a conversation may give the substance of the conversation and his understanding of it, or what he understood at the time, and it is a matter for the jury in weighing his testimony and considering his credibility.    Davie v. Terrill, 63

Texas, 105; Swinney v. White, 11 Ind., 132; Abb. Trial Ev., pp. 460, 461; Greenl. on Ev., secs. 161, 165, 440.

6. The sworn statements of a party to a bill in chancery are admissible in evidence against him, and so are his pleadings; and a stranger to the record may introduce it against him as containing a solemn admission of a certain fact. Burleson v. Goodman, 32 Texas, 230; Wheeler v. Styles, 28 Texas, 240; Smith v. Chenault, 48 Texas, 455; Greenl. on Ev., secs. 551, 502, 171, note 2.

7. Photographic copies of written instruments are not admissible to prove handwriting of persons subscribed to such instrument, and especially when the original contract is in evidence. Houston v. Blythe, 60 Texas, 512; Eborn v. Zimpelman, 47 Texas, 503; Hynes v. McDennott, 82 N. Y., 41; 37 Am. Rep., 638, and authorities cited.

8. The jury are the sole judges of the credibility of the witnesses and the weight to be given their testimony, and this court will not set aside a verdict as against the evidence merely because there is evidence to support a verdict if they had found for the plaintiff instead of the defendant, nor because this court from an examination of the evidence might arrive at a different conclusion. When the evidence before the jury is conflicting and they were properly instructed by the court their finding is conclusive. Briscoe v. Bronaugh, 1 Texas, 326; Hall v. Hodge, 2 Texas, 323; Jones v. McCoy, 3 Texas, 349; Davidson v. Edgar, 5 Texas, 492; Ables v. Donley, 8 Texas, 331; Evans v. Mills, 16 Texas, 198; Brown v. Boulden, 18 Texas, 431; Cummins v. Rice, 19 Texas, 225; Patton v. Gregory, 21 Texas, 513; Stroud v. Springfield, 28 Texas, 651.

HENRY, ASSOCIATE JUSTICE.— Buzard & Hilliard instituted this suit against McAnulty & Mosty, charging that on the 13th day of August, 1881, said McAnulty and Mosty were partners, and doing business as such under said firm name, and so continued until the 7th day of October, 1881; that on the first named date the said partnership made with Robert A. Houston the following contract in writing:

"DODGE CITY, FORD COUNTY, KANSAS, August 13, 1881.

"Contract entered into this day at Dodge City, Kansas, by and between L. A. Mosty, party of the first part, and R. A. Houston, party of the second part, to-wit: That L. A. Mosty, party of the first part, hereby agrees to sell and deliver unto R. A. Houston, party of the second part, fifteen hundred dry cows at fourteen dollars per head. Same to be good, smooth, and merchantable cows, and to range from three (3) to eight (8) years old; and furthermore L. A. Mosty, party of the first part, agrees to brand said cows with the road brand of R. A. Houston, party of the second part, and to deliver said cows at a point six miles west of Lampasas, Texas. Also L. A. Mosty agrees to deliver and sell to R. A. Hous-

ton fifty (50) bulls at fourteen dollars ($14) each, said bulls to be from three (3) to five (5) years old, straight and smooth.

"L. A. Mosty, party of the first part, acknowledges receipt of fifteen hundred dollars ($1500) from R. A. Houston, party of the second part, as part payment of herein mentioned cattle.

"Furthermore, R. A. Houston, party of the second part, hereby agrees to honor the drafts which may be drawn by L. A. Mosty, party of the first part, to the amount of thirteen thousand five hundred dollars ($13,500), interest to be computed at the rate of 10 per cent per annum.

"L. A. Mosty, party of the first part, hereby agrees to deliver said cattle between the first and fifteenth days of May, 1882. It is further agreed that the balance due on said cattle shall be paid upon their delivery. In case of failure of L. A. Mosty, party of the first part, to comply with the above conditions and agreements between him and R. A. Houston, L. A. Mosty hereby agrees to forfeit the sum of fifteen hundred dollars ($1500), same to be paid over to R. A. Houston, party of the second part.

[Signed]                                    "L. A. MOSTY,
                                            "R. A. HOUSTON.

"Witnesses:
    "J. W. ORMOND,
    "R. M. WRIGHT."

The petition further charged that at several dates specified Houston paid to Mosty the sums of money named in said contract, and afterward for a valuable consideration assigned said contract to plaintiffs, and that said McAnulty & Mosty wholly failed and refused to perform the said contract.

Mosty made default. McAnulty appeared, and by a verified plea denied that he was the partner of Mosty at the date of said contract, or interested in it, or bound for its performance in any respect.

The undisputed evidence shows that McAnulty and Mosty did enter into written articles of partnership on the 17th day of August, 1881.

Mosty testified that the partnership had been agreed upon and was complete before the 10th day of August, 1881, with the exception that it had not then been reduced to writing. He testified that the articles of partnership between himself and McAnulty, dated the 17th day of August, 1881, drawn up and signed at Kansas City, contained the same terms that the copartnership did that he said was entered into by the same parties on or about the 1st day of August, 1881, at Mobeetie.

He also testified that McAnulty was present when the contract with Houston was made, and discussed it with the witness, and that it was closed with his approval.

McAnulty testified that all of these statements were untrue.

The vital questions in the cause were the following:

1. Were McAnulty and Mosty partners on the 13th day of August, 1881?

2.   If they were not, was the contract with Houston of that date entered into by Mosty with the consent of McAnulty and with the view of its becoming the property of the firm when it should be formed, and did the firm when it was formed ratify and receive the benefits of the contract?

The evidence shows that the money paid by Houston was used by the firm of McAnulty & Mosty.

Among others, the court gave the jury the following instructions:

"If there was a discussion of a partnership agreement at Mobeetie in July, 1881, between McAnulty and Mosty with a view of forming a partnership at some future time, and after such discussion and before the contract of partnership had been actually executed, Mosty entered into the contract sued on with Houston, and if Mosty made the Houston contract with the knowledge, consent, and advice of McAnulty, as a firm contract and on account of that firm, and afterwards the firm of McAnulty & Mosty, with the knowledge and consent of McAnulty, used and appropriated the money received from Houston on the contract in their partship business, then and in such case the defendant McAnulty is liable on the contract in this case.

"The liability of the appellee McAnulty principally depends upon the question as to whether or not at the time of making said cattle contract, to-wit, on the 13th day of August, 1881, L. A. Mosty and R. E. McAnulty were partners.   If they were, and if said contract was a firm contract and partnership transaction, and intended and made for the use and benefit of such firm of McAnulty & Mosty, then the defendant R. E. McAnulty is bound for any breach thereof as well as said Mosty, although it may have been signed by Mosty alone.

"In order to constitute or form a partnership there must be a lawful and valid agreement to enter into a partnership, and this agreement or contract must be executed.   A mere understanding or agreement between two or more persons that they will at some future time form or enter into a partnership will not of itself constitute a partnership.

"After the relation of partnership is once actually established between two or more persons, then during the time said partnership relation continues to exist the law will bind each and every one of the partners by the acts and contracts and agreements of every other partner done in the regular course of such partnership business and for the benefit of such partnership business."

The court charged the jury, without objection, that plaintiffs had in open court "abandoned all right to recover in this cause that may equitably arise by reason of the fact, if it was a fact, that the money that Mosty drew from Houston on the contract, if any, was afterwards used and put into the firm business of McAnulty & Mosty."

Appellants complain of the above charges, except the last one, and also of the refusal of the court to give at their request the following charges:

"If the jury believe from the evidence that at the time of making the Houston contract it was understood and agreed between McAnulty and Mosty that such contract should be made by Mosty, and that the same should be a partnership contract when the partnership should be formed between them, and that a partnership was in fact formed between Mosty and McAnulty after making the Houston contract, then the jury are instructed that such contract would be binding on both Mosty and McAnulty as a partnership contract.

"If the jury find from the evidence that the contract of partnership was understood and agreed to by Mosty and McAnulty at Mobeetie, Texas, as testified to by the witness Mosty, that the same became and was a binding contract of partnership between Mosty and McAnulty, although no one except Mosty and McAnulty knew of it at that time or at the time of making the Houston contract."

We find no error in the action of the court in either giving or refusing these charges. The charges given were a clear and discriminating application of the law to the questions in issue, and left nothing to be added or explained.

Appellants assign the following error: "The court erred in overruling the plaintiffs' written objections to the answers of George B. Loving, a witness for defendant McAnulty, to the eighth and ninth direct interrogatories, upon the grounds that witness does not answer facts known to him, but only gives his understanding from what was said in a conversation between McAnulty and Mosty in presence of witness Loving, when neither the plaintiffs nor their assignor Houston was present, and said conversation took place long after the contract sued on had been made and all the advance payments upon same had been made, because a witness can not be impeached by the understanding of another witness who had stated in his deposition that he could not recollect any of the conversation that took place, and no declaration of either McAnulty or Mosty not made in the presence of plaintiffs or their assignor could be binding upon these plaintiffs."

The record fails to show what the answer to the ninth interrogatory was.

The answer to eighth reads as follows: "I remember hearing Mosty speak frequently of his having made contracts for the delivery of cattle to quite a number of different parties, amongst whom I remember the name of R. A. Houston. It was my understanding, based on Mosty's statements, that McAnulty had nothing to do with these contracts; that they were his individual trades, for which McAnulty was in no way responsible, but that they would be carried out by Mosty independently of McAnulty."

These statements are said to have been made on the 7th day of October, 1881, when McAnulty and Mosty had dissolved and were having a settlement of their partnership.

As we have said, a controlling question in the case was whether or not the Houston contract was a partnership matter between McAnulty and Mosty. So far as the fact was concerned, the question depended mainly upon the testimony of Mosty and McAnulty, one of whom testified positively that it was and the other as emphatically that it was not.

While we think a predicate was laid for the introduction of such evidence upon the cross-examination of Mosty, the witness should have been required to state what was said, and not his conclusion or understanding as the result of what was said. If he did not remember what was said by Mosty so as to repeat at least its substance, he should not have been permitted to testify on the subject at all. We think that a material error was committed in admitting the evidence.

The evidence of McAnulty of like admissions made by Mosty we do not find subject to the objection applicable to that of Loving, and as a proper predicate had been laid for it there was no error in its admission.

It is contended that "the court erred in permitting defendant McAnulty to use in evidence a portion of a bill in equity filed on November 23, 1881, in a cause in the Circuit Court of the United States for the Western District of Texas, sitting at San Antonio, wherein Buzard & Hilliard were complainants and R. A. Houston was defendant, to the effect that in said bill of equity, which was sworn to by plaintiff Buzard, there was a statement or admission that McAnulty and Mosty were not partners in this contract sued on, and that said McAnulty was not bound for the fulfilment of same, because neither McAnulty nor Mosty were parties to that suit, and the question of their partnership or McAnulty's liability upon said contract was not in issue in that cause, because that case was brought merely to set aside and rescind the transfer of said contract on the ground that plaintiffs were induced to accept said transfer from Houston upon his fraudulent representations, and no statement made in that bill of equity could work as an estoppel upon these plaintiffs, nor could any statement therein contained be evidence upon any issue in this case, and because same was not properly offered for the purpose of impeaching the testimony of any witness in this case, and was improperly permitted to go to the jury."

The rule upon this subject is stated as follows in 1 Wharton on Evidence, 838: "The pleadings of a party in one suit may be used in evidence against him in another, not as an estoppel, but as proof, open to rebuttal and explanation, that he admitted certain facts. But in order to bring such admissions home to him the pleading must be either signed by him or it must appear that it was within the scope of the attorney's authority to admit such facts. Yet even if such admissions are thus brought home to the party they are entitled to little weight." And see Cook v. Barr, 44 N. Y., 156; Siebert v. Leonard, 21 Minn., 442; Meade v. Black, 22 Wis., 244; Tabb v. Cabell, 17 Gratt., 160; Gordon v. Parmelee, 2 Allen, 215; Brown

v. Jewett, 120 Mass., 215; Hobson v. Ogden, 16 Kans., 388; Bliss v. Nichols, 12 Allen, 443; Wheeler v. Styles, 28 Texas, 246.

While we are not prepared to hold that a pleading not signed or sworn to by a party can be admitted as evidence against him in another suit, we think that when it is so signed or sworn to it may be.

We can see no difference in this respect between a bill in equity and any other pleading. Such pleading when introduced can not be held conclusive and is open to explanation by the party. In this case the appellant was properly permitted to testify in explanation of the matters stated in the pleading.

The testimony of the wife of the defendant McAnulty with regard to a conversation between her husband and Mosty at Dodge City had no perceptible connection with the matter in controversy and should have been excluded.

The defendant McAnulty testified, denying any knowledge of the existence of the contract made by Mosty with Houston until long after its execution.

Mosty attached to his deposition as an exhibit a paper which he testified was a photographic copy of a duplicate original of said contract then in his possession in another State where he was giving his deposition. This copy had on it, under the names of the two witnesses to the contract produced by plaintiff and read in evidence, the name of the defendant McAnulty, apparently signed as a third witness.

Defendant McAnulty, on his examination, being shown the photographic copy containing his name, testified that while it resembled his genuine signature it was never made by him.

For the purpose of contradicting McAnulty on this point plaintiffs offered in evidence a memorandum in the following words, found endorsed on the back of the Houston and Mosty contract of the 13th day of August, 1881, which had been read in evidence by plaintiffs, which was not signed, and without offering to prove by whom it was made or when it was endorsed: " Duplicate witnessed: R. E. McAnulty, E. C. Colley, J. W. Ormond."

The evidence was clearly inadmissible and the court excluded it. In the same connection plaintiffs offered the testimony shown by the following assignment:

" The court erred in refusing to allow the plaintiffs to introduce as witnesses E. M. Keiner, M. Sentu, R. E. Conrad, Sam Stinson, Peter Hart, and Henry Palm, all of whom were most credible persons and competent witnesses, and were well acquainted with the defendant McAnulty and had been for years, and all knew his genuine signature very well and were willing to swear that his signature as it appeared upon the photographic copy of the duplicate of the contract sued upon was in their opinion a true photograph of the genuine signature of defendant McAnulty; be-

cause from the photograph it appeared that the duplicate photograph and the contract sued upon were both written by the same person, and were both written with same ink, and both signed by the same parties' signatures, the one sued upon being witnessed by R. M. Wright and J. W. Ormond, and contained the memorandum that its duplicate was witnessed by R. E. McAnulty, E. C. Colley, and J. W. Ormond, and the duplicate as photographed appeared to be witnessed by R. E. McAnulty, E. C. Colley, and J. W. Ormond; and because McAnulty had sworn that his signature was a forgery, and because the duplicate was in the hands of the defendant Mosty, and plaintiffs were unable to obtain same to offer in evidence in this case; and the evidence was competent to contradict McAnulty as a witness in this case."

There are numerous reasons in favor of the correctness of the ruling of the court excluding this evidence.

While a witness may be contradicted by proving that a material fact stated by him is untrue, we do not think it should be permitted to be done by evidence consisting of the mere opinions of witnesses testifying as experts as to the genuineness of a signature. The evidence of a witness who knew that he did in fact sign his name to the document as a witness would have been proper.

The photographic copy seems to have been read in evidence without objection as an exhibit to the deposition of Mosty.

There was no evidence of how the copy was taken, nor that it was an exact reproduction of the original. It was not shown that any effort had been made to secure the production of the original nor that it was not in the power of plaintiffs to procure it. Under these circumstances it could not properly have been used for the purpose of proving a signature by comparison. Eborn v. Zimpelman, 47 Texas, 504; Houston v. Blythe, 60 Texas, 506.

Appellants complain of some other errors committed by the court with regard to their case against the defendant McAnulty in its rulings upon the admission of evidence, in which we do not find any error, and consider it unnecessary to allude to the assignment in detail, as the questions may not be presented in the same connection on another trial.

A number of errors are assigned and insisted upon in argument with regard to the judgment rendered by default against the defendant Mosty. Such errors as were committed as to him are not likely to occur again, and it becomes unnecessary for us to say whether they would have required a reversal of the judgment in favor of his codefendant if there had been no other error in the proceedings.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 23, 1890.