### ALLISON v. CAMPBELL. (No. 804—4840; Motion No. 7775.)

Commission of Appeals of Texas, Section B. Feb. 1, 1928.

1. **Appeal and error** &#9756;**989—In determining whether it was proper to give peremptory instruction, Court of Civil Appeals should consider all relevant evidence.**

In determining on appeal whether it was proper for trial court to give peremptory instruction, Court of Civil Appeals should examine all the evidence in the case which was relevant.

2. **Partnership** &#9756;**I—At common law, a "partnership" is a contractual status and not a legal entity.**

A partnership at common law is not a legal entity, but is a contractual status.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Partnership.]

3. **Partnership** &#9756;**2—In absence of statute regulating general partnerships, common-law rules govern cases involving partnership questions.**

In the absence of a statute regulating general partnerships, the rules of common law govern the courts in deciding cases involving general partnership questions.

4. **Partnership** &#9756;**20—To constitute defendant partner of person signing note, minds of parties must have met.**

To constitute defendant partner with one signing note, where defendant's signature did not appear thereon, minds of parties must have met and been in harmony with each other as to their respective rights and duties.

5. **Partnership** &#9756;**216(1)—In suit on note purporting to be partnership note, allegation and proof that defendant who had not signed note was partner held necessary.**

In third party's suit on note purporting to be a partnership note, allegation and proof that

defendant who had not signed the note was a partner *held* necessary.

On motion for rehearing. Motion overruled.

For former opinion, see 298 S. W. 523.

Hyer & Christian and Alfred H. Eaton, all of Fort Worth, for appellant.

Garrett & O'Brian, of Forth Worth, for appellee.

SHORT, P. J. In the motion for rehearing the defendant in error contends that the only question which the Supreme Court can legitimately consider is "whether, in the absence of a compliance with the provision of the chapter and title referred to relating to limited partnerships, was appellant, Allison, liable as a matter of law on the note in question, regardless of the evidence tending to show that Oxford was without authority to execute the note declared upon and that appellee, Campbell, at the time he took the note, had knowledge of such want of authority or of such circumstances as put him on notice thereof."

[1] We are not disposed to question this contention, since it is undisputed by the record that there was no compliance with the provisions of the law relating to limited partnerships, and therefore the appellant, Allison, would be liable as a general partner, if in fact he was a partner with Oxford. The defendant in error alleged that he occupied this status at the time that Oxford executed the note upon which suit was instituted. The plaintiff in error denied under oath this particular allegation. After hearing the evidence, the trial court gave a peremptory instruction, and the certificate shows that the Court of Civil Appeals recognized that this action of the trial court was properly challenged so as to compel that court to determine whether the peremptory instruction was properly given. To determine this question it was the duty of the Court of Civil Appeals to examine all the testimony in the case which was relevant to the issue. Evidently it did so, and in the first opinion concluded that the trial court did not err. Apparently, upon a reconsideration of the question when the motion for rehearing was filed, it seems to be in doubt, and after quoting the written instrument offered it finds from the oral testimony introduced by the parties that at the time of the execution of the instrument Oxford had under contract 20 men who had agreed to purchase tracts of land at specified prices upon the 40,000 acres on the south plains of West Texas, but, being without financial means to carry out the plan, he presented the proposition to plaintiff in error, who furnished him $250 and agreed to furnish $750 more when Oxford should acquire the right to sell the

40,000 acres. The certificate shows that Oxford did not secure this land, and the question is presented by the facts found by the Court of Civil Appeals whether as a matter of law a partnership was consummated between plaintiff in error and Oxford. If the partnership is shown to have been consummated as a matter of law, then the allegation in the petition of the defendant in error that the status alleged to have existed between plaintiff in error and Oxford is shown, and the trial court under such a situation was justified in giving the peremptory instruction.

[2-4] But, as we have held in the original opinion, and we think correctly, the facts found by the Court of Civil Appeals as stated in the certificate do not show conclusively the existence of this status between plaintiff in error and Oxford at the time the note sued upon was executed by Oxford. A partnership at common law is not a legal entity but a contractual status. Martin v. Hemphill (Tex. Com. App.) 237 S. W. 550, 20 A. L. R. 984; Marshall v. Bennett, 214 Ky. 328, 283 S. W. 115; Schumaker on Partnerships (2d Ed.) p. 2. Texas has no statute regulating general partnerships, in the absence of which the rules of common law govern the courts in dealing with the question of general partnership. It appears from the facts stated in the certificate that the agreement had for its purpose the acquisition by Oxford of certain lands for the basis of the joint enterprise and that Oxford did not acquire these lands. The question was whether the defendant in error had shown conclusively the existence of this status between the plaintiff in error and Oxford, in passing upon which, under the facts given in the certificate, the court must be governed by the rules of law applicable to contracts generally, one of which is that the minds of the parties to the transaction must meet and be in harmony with each other as to their respective rights and duties. Buzard v. McAnulty, 77 Tex. 438, 14 S. W. 138.

"Persons who have entered into a contract to become partners at some future time, or upon the happening of some future contingency, do not become partners until the agreed time has arrived, or the contingency has happened. Whether a partnership exists is determined by ascertaining from the terms of the agreement whether any time has to elapse or any act remains to be done before the right to share profits accrues; for the parties will not be partners until such time has elapsed or the act has been performed. The mere agreement to form a partnership does not of itself create a partnership, nor does the advancement by one party of his agreed share of the capital. The entire agreement and all the attending circumstances are to be taken into consideration, in determining whether a partnership has been actually launched." 30 Cyc. 358–359.

[5] As we have seen, there was a certain allegation by the defendant in error in his petition, and this allegation was denied under oath. It was essential for the defendant in error to make this allegation as well as to prove it. Its denial under oath presented an issue of fact in the case, and this fact, like any other fact, must be proven according to the rules of evidence, regardless of whether the controversy was between the parties to the transaction or third parties. Third parties could have no rights against an individual sued as a member of a partnership without alleging and proving that the individual was a member of the partnership, to prove which it was essential that certain facts be established by certain rules of evidence. If it should develop that no partnership existed in fact, but that there was merely an agreement between the parties sued and others to form a partnership in the future or upon the happening of a certain contingency, which time had not arrived or contingency happened, then a material allegation in the plaintiff's cause of action would not be proven. However, if it should be alleged and proven that, notwithstanding this executory agreement and real want of the elements of a partnership, the parties sued held themselves out as partners by their conduct, whereby the plaintiff had been induced to act upon the apparent fact that a partnership existed, a different rule would apply not applicable to the facts stated in the certificate.

Believing that the original opinion is correct, we recommend that the motion for rehearing be overruled.