## AMERICAN RY. EXPRESS CO. v. PATTERSON PRODUCE CO.   (No. 1140–5089.)

Commission of Appeals of Texas, Section A.
Jan. 9, 1929.

Robertson, Robertson & Gannon, of Dallas, for plaintiff in error.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for defendant in error.

HARVEY, P. J.   This is a suit for damages brought by the Patterson Produce Company against the American Railway Company on account of the conversion by the express company of a carload of turkeys belonging to the produce company. The case was tried to a jury, and upon conclusion of the testimony the trial court, upon motion of the express company, peremptorily instructed a verdict for the latter. Judgment was rendered accordingly, and the Court of Civil Appeals reversed that judgment. 1 S.W.(2d) 456.

The material facts are undisputed, and we adopt the statement which is made by the Court of Civil Appeals as follows:

"On December 17, 1923, appellant, Patterson Produce Company, shipped by American Railway Express two cars of dressed turkeys from Dallas, Tex., to New York City. Appellant instructed appellee to ship one car to Patterson Produce Company, 'Notify Conron Bros.,' and the other car to Patterson Produce Company. This latter car was A R E car No. 1132. Appellant had theretofore contracted to sell a car of turkeys to Conron Bros. at 29 cents per pound, and the one consigned with instructions to notify Conron Bros. was shipped in fulfillment of that contract. A car shipped with such notification instruction is delivered upon arrival to the parties to be notified without surrender of the shipping receipt which is given by appellee to the shipper. It was appellant's purpose to have car No. 1132 sold in New York upon arrival, for its account, by some one engaged in that business.

"Contrary to the instruction given, appellee shipped both cars consigned to Patterson Produce Company notify Conron Bros., and delivered to appellant shipping receipts so showing. Early the next morning appellant, upon examining the receipts, discovered the error, and immediately called appellee's attention to the same and instructed it to correct the notification as to car No. 1132, from Conron Bros. to De Winter & Stewart, to whom appellant decided it would have that car delivered and the turkeys therein sold for its account. Appellee agreed to make the correction as requested, but failed to do so.

"As to turkeys shipped to be sold for the account of the shipper, it is the custom for the shipper to draw upon the person to whom he had shipped with shipping receipt attached to the draft for an amount within the net amount the turkeys will realize, which draft is paid by the consignee, who later remits to the shipper the balance of the net proceeds. Appellant drew a draft upon De Winters & Stewart upon the basis of 21 cents per pound for car 1132, and forwarded same for collection through a bank. On December 21, De Winter & Stewart by wire advised appellant that appellee had that day delivered car No. 1132 to Conron Bros., and suggested that instructions be given for presentation of the draft to the latter. While it is not directly shown, the inference is that De Winter & Stewart dishonored the draft because of inability to secure delivery of the car. Appellant gave instructions to present the draft to Conron Bros., and several days thereafter the same was paid by the latter, who later remitted the balance of the proceeds upon the basis of 29 cents per pound, which was accepted by appellee. The president of Conron Bros. testified they accepted car 1132 because they believed it was billed to them.

"The market price of turkeys in New York at that time was several cents above 29 cents per pound, and this suit was brought by appellant to recover of the American Railway Express Company the difference between what would have been realized by the sale of the turkeys at the market price for its account and the amount received from Conron Bros. at the rate of 29 cents per pound."

In all matters relating to the turkeys in question, the Patterson Produce Company acted through its president, A. B. Patterson. At the trial, the said A. B. Patterson testified, without dispute, to the effect that, in dealing with Conron Bros. as he did, his intention was to minimize the damages resulting from the unauthorized delivery of the turkeys by the express company, and not to discharge the express company's liability for such damages. The testimony of A. B. Patterson that is quoted in the opinion of the Court of Civil Appeals is here referred to and made a part of this opinion.

In determining whether the trial court was authorized to give the peremptory instruction to the jury, the controlling question is whether or not the above facts establish, as a matter of law, that the said unauthorized delivery was ratified by the produce company, as a fulfillment of the carriage contract by the express company. For if so ratified, the delivery to Conron Bros. ceased to afford ground for liability of the express company.

It is contended that the produce company cannot be held to have so ratified said delivery unless it intended to do so. There can be no doubt that an intention to ratify is the essence of a ratification. The question of intention in this respect may or may not be a fact question in a given case, according to the facts of the particular case. If the facts attending a transaction which is relied on as constituting a ratification of an unauthorized act are undisputed, and no other conclusion can be reasonably drawn from those facts than that an unqualified ratification was intended at the time, then the law imputes this intention to the alleged ratifying party, and he will not be heard to say afterwards that his intention was otherwise. Miller v. Jannett, 63 Tex. 82. Whether or not different conclusions, in the respect mentioned, can be reasonably drawn from such facts, is a law question. Joske v. Irvine, 91 Tex. 582, 44 S. W. 1059.

A consideration of the facts attending the transaction between the produce company and Conron Bros., respecting the presentment and payment of the draft which had been drawn by the former against De Winter & Stewart, has convinced us that an intention on the part of the produce company to ratify the delivery to Conron Bros. as a fulfillment of the carriage contract is established as a matter of law. An effectual ratification is conclusively established by said facts. See Southern Ry. Co. v. Kinchen, 103 Ga. 189, 29 S. E. 816; Hutchinson, Carriers, § 183.

Under the facts of this case, the testimony of A. B. Patterson at the trial, as to his undisclosed intention not to release the express company from liability by dealing with Conron Bros. as he did, is not competent evidence of his intention in the matter. The legal effect of his acts cannot be affected by his secret intention in doing them. The trial court properly treated this testimony as having no probative force. Henry v. Phillips, 105 Tex. 466, 151 S. W. 533.

We recommend that the judgment of the Court of Civil Appeals reversing the judgment of the trial court be reversed and that of the trial court affirmed.

CURETON, C. J. The judgment of the Court of Civil Appeals is reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.