## SABANOVICH v. PEOPLE'S FINANCE CO.
### (No. 2265.)

Court of Civil Appeals of Texas. El Paso. April 25, 1929.

Rehearing Denied May 9, 1929.

W. J. Rutledge, Jr., of Dallas, for appellant.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellee.

WALTHALL, J. People's Finance Company of Dallas, a corporation, brought this suit against W. L. Spence and Gus Sabanovich to recover upon a note owned by it in the principal sum of $1,800, executed by J. W. Jones and wife, as principals, and alleged to have been signed by W. L. Spence and Gus Sabanovich as sureties. Jones had been adjudged a bankrupt and he and his wife were insolvent, and were not made parties to the

suit. It was alleged that a certain chattel mortgage lien contract executed by Jones and wife also formed a part of the security to the People's Finance Company for the payment of said note, and had been realized upon through the bankrupt court, and stated the balance of the sum due on the note.

Spence pleaded that he did not execute the note, nor at any time agree to obligate himself to pay the note in the sum of $1,800, or any other sum; that he had been induced to sign the note through a misrepresentation by Jones that he was signing as a reference for Jones on the blank application for a loan; that he had made inquiries of plaintiff through its agent, George McBlair, who confirmed Jones' representation.

The jury found for Spence on the issue of fact pleaded, and Spence was discharged, and, no issue being made here as to Spence's liability, we need not further refer to him.

Sabanovich also specially pleaded that he did not sign the note sued on and did not authorize the note to be drawn for $1,800, nor did he agree to obligate himself on a note for that sum; that Jones presented to him a blank form of note and requested him to sign it, which he did under the agreement and understanding that the note would be filled in for the sum of $1,000 and be delivered to the People's Finance Company; that Jones further agreed to procure the signature of Spence as a surety on the note with him; that he talked with George McBlair by telephone and confirmed the agreement to execute a note for $1,000 with Spence as surety; that he was not thereafter advised by any one, until the proposed loan was closed, that the note had been filled in for $1,800; and that he at no time agreed thereto. Sabanovich answered further that credits, other than those allowed, should have been allowed, but we need not state them here.

The People's Finance Company joined issue on the matters of defense pleaded by Sabanovich and further pleaded that Sabanovich authorized the note to be filled in for the sum of $1,800; that, if it should be found that said authority was not granted, then plaintiff alleges that Sabanovich, after said note had been filled in for the sum of $1,800, ratified and confirmed the act of plaintiff and its agents, and is now estopped to deny that he is not liable on said note for the sum of $1,800, in that Sabanovich thereafter instituted a suit against Jones and wife, Spence, F. B. Paine, R. B. Shankles, and the People's Finance Company in a cause, giving number and style of suit, in which he alleges that theretofore Jones and wife, as principals, and Spence and Sabanovich, as sureties, executed a certain promissory note in the sum of $1,800 to the order of People's Finance Company, and describing the note here sued on, and stating in his petition that thereby the said parties became obligated and bound to pay to the People's Finance Company the sum named in said note in accordance with its terms, alleged in said suit that said note is secured by a chattel mortgage lien, stating its date and executed by Jones and wife for the purpose of securing said note, and which mortgage describes the personal property given in security, and describing same and its location as in the mortgage; that by the terms of the mortgage contract the property was to remain in the possession of Jones; but that sale of a portion of said property had been made by Jones to Shankles, and other portion had been sold to Paine; that the condition and use of said property were such as to rapidly depreciate its value, etc.; and that Sabanovich in said suit asked that a receiver be appointed to take possession of said property and sell same, etc. The petition was sworn to by Sabanovich. The trustee in bankruptcy took charge of said property, and for that reason the receiver appointed did not take charge.

Sabanovich pleaded certain facts which we need not state in answer thereto, and that the suit filed by him could not and did not operate as an estoppel or confirmation or ratification of the note sued on.

At the close of the evidence, on motion of plaintiff as to Sabanovich, the jury was instructed to return a verdict for plaintiff and against Sabanovich for $1,448.48. Special issues were submitted as to Spence, and the jury found in Spence's favor, and judgment so entered. Judgment was entered for plaintiff on the verdict, and Sabanovich appeals.

### Opinion.

Appellant, in several propositions and on several grounds, submits that the issues between him and the People's Finance Company should have been submitted to the jury. All of the defensive matters pleaded were sharply contested in the evidence, except the fact of the filing of the suit by appellant as stated, asking for the appointment of a receiver.

We think the trial court must have taken the view expressed by appellee in a counter proposition as the legal effect of the suit filed by appellant Sabanovich, asking for the appointment of a receiver.

The counter proposition aptly states the question involved, substantially, as follows: If the note in question was signed in blank, as pleaded by the appellant Sabanovich, under an agreement that it should be filled in for $1,000, and it was actually filled in for $1,800, Sabanovich, by suing on the note after he knew it had been filled in for $1,800, thereby ratified and confirmed the alteration as a matter of law, and there was, therefore, no issue to be submitted to the jury on the defense of material alteration of the note. If the above states a correct proposition of law under the facts found in the record, the case must be affirmed; if not, the case must be reversed and remanded.

Sabanovich does not deny that he signed the note in question, but admits that he signed it in blank under the agreement that it was to be filled in for the sum of $1,000, and that it was filled in for $1,800.

Appellee pleaded a ratification and confirmation of the alteration of the note on the part of Sabanovich by the suit above stated after he knew the note had been filled in for an unauthorized amount. He verified the petition on which he sued to have a receiver appointed to take possession of the personal property described in the chattel mortgage given in part security for the note. On the trial he testified that "everything in the petition is true." In that suit Sabanovich alleged: "That heretofore on or about October 16, 1925, J. W. Jones and Mrs. J. W. Jones, his wife. as principals, and W. L. Spence and Gus Sabanovich, as sureties, executed a certain promissory note in the principal sum of $1,800.00 to the order of People's Finance Company (then describes the note which we omit, the note in question) and which note was on that date for a valuable consideration delivered to the said People's Finance Company; that thereby the said parties became obligated and bound to pay to the People's Finance Company the sums named in said note in accordance with its terms." Then follow other statements as to the chattel mortgage, the grounds for a receiver and the prayer for a receiver.

Appellee submits that "by suing on the note" Sabanovich ratified it. Was Sabanovich's action to preserve the mortgaged property such a suit on the note as to effect a ratification or a confirmation of all that is claimed by appellee in the suit and to waive all matters of defense on the note? Sabanovich's action was probably brought under the first paragraph of article 2293 of the Statute, authorizing the appointment of a receiver in an action between persons jointly interested in any property on the application of any party whose interest in the property is probable, and, where it is shown that the property is in danger of being lost, removed, or materially injured, an ancillary proceeding or action to prevent waste of the mortgaged property. It was necessary to appellant's action for the receivership that he show a probable interest in the property, and that the property was in danger of being lost, removed, or injured. That was the purpose and extent of his action. His action for the receiver brought nobody into court; he asked no judgment on the note against anybody. The note and his probable liability on the note as surety were not to be litigated in the action for the receivership. It was not necessary, we think, to his action for the appointment of the receiver that his application show appellee's cause of action on the note or appellant's defense thereto, to avoid a ratification of the execution of the note. It is shown by the record that in some verbal and written correspondence between appellee's and appellant's attorneys as to the preservation of the property, appellee's attorney verbally suggested that Sabanovich file the action he did file, and confirmed such suggestion by letter, in which letter from appellee's attorney, after referring to the $1,800 note and the property, it is said: "If you will file a suit for Sabanovich setting up the fact of his suretyship and that he is entitled to have the mortgaged property conserved, and asking for the appointment of a receiver, I will answer and join in the suit."

After the letter was received the suit was filed. Sabanovich could not deny signing the $1,800 note and signing as surety.

In appellee's suit on the note Sabanovich had pleaded the material alteration of the note and had so testified on the trial.

We have concluded that Sabanovich's action for the receivership was not such suit on the note as to effect a ratification and confirmation of the alteration in the note, if there was such alteration, as a matter of law, and that the issue of a material alteration of the note, and other defensive matters pleaded, should have been submitted to the jury.

We are of the opinion that his pleading in his application for the appointment of a receiver may be admitted in evidence against him, not as a ratification or confirmation of the alteration of the note, but in rebuttal to appellant's contention as to such alteration after the note was signed, and in rebuttal to his contention that the agreement was that the note was to be for $1,000, or an amount less than $1,800. Buzard & Hilliard v. McAnulty & Mosty, 77 Tex. 438, 14 S. W. 138.

For reasons stated the case is reversed and remanded.

### On Appellee's Motion for Rehearing.

█ In our opinion, in speaking of Sabanovich's pleading in his application for the appointment of a receiver, we said that his pleading "may be admitted in evidence against him, not as a ratification or confirmation of the alteration of the note, but in rebuttal of appellant's contention as to such alteration after the note was signed, and in rebuttal to his contention that the agreement was that the note was to be for $1,000, or an amount less than $1,800." The above quotation does not clearly express just what we intended to say. We meant to say that, while the application for the receiver may be admitted in evidence on the issue of ratification or confirmation of the alteration of the note, such admitted evidence would not of itself necessarily constitute ratification as a matter of law, but could be considered in connection with all other evidence on that issue. We intended only to apply the rule followed by the Supreme Court in the Buzard & Hilliard v. McAnulty & Mosty Case referred to in the opinion, in which it is said: "The pleadings of a party in one suit may be used in evidence

against him in another, not as an estoppel, but as proof, open to rebuttal and explanation, that he admitted certain facts."

With the above, the motion is overruled.