**PEOPLE'S FINANCE CO. OF DALLAS v. SABANOVICH.**

No. 1180—5507.

Commission of Appeals of Texas, Section B.

April 9, 1930.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for plaintiff in error.

W. J. Rutledge, Jr., of Dallas, for defendant in error.

RYAN, J.

This case is fully stated in the opinion of the Court of Civil Appeals [16 S.W.(2d) 897], and we shall refer only to such of the facts as relate to the one question in the case, viz. whether a surety on a note, having the defense of material alteration, ratified the same by bringing suit (after he had discovered the alteration) against the payee, the principal, the other surety and the parties in possession of the mortgaged property securing payment of the note, and alleging in his sworn petition his liability as a surety for the full amount of the note, and asking for and obtaining the appointment of a receiver to take charge of the mortgaged property for the purpose of applying the proceeds to the payment of the note; he having also on the trial of this suit, brought by the payee for collection of said note, admitted in his testimony that whatever the petition in such suit for receiver contains is true.

Sabanovich's testimony was to the effect that he signed the note in blank under an agreement that it should be filled in for $1,000, but it was actually filled in for $1,800; the company's testimony is to the effect that the amount was filled in before any signature was placed on the note. This created a conflict in testimony which ordinarily should be resolved by the jury or trial court, but the record here shows that before Jones, the principal, was adjudged a bankrupt, Sabanovich employed an attorney to file suit asking for the appointment of a receiver, and signed and swore to the petition therefor.

Said suit was filed in the district court of Dallas county by Gus Sabanovich against Jones and wife, principals on the note, W. L. Spence, his cosurety, and F. B. Paine and Mrs. R. B. Shankles, the last two alleged to have purchased from Jones certain of the property included in a chattel mortgage given by him as security for the note. The petition contains, among other averments, the following:

"That heretofore on or about October 16th, 1925, J. W. Jones and Mrs. J. W. Jones, his wife, as principals, and W. L. Spence and Gus Sabanovich as Sureties, executed a cer-

tain promissory note in the principal sum of $1800.00 to the order of Peoples Finance Company bearing interest from maturity at the rate of 8% per annum, which note by agreement was to become due on October 16th, 1926, but which maturity was by mutual mistake of the parties omitted from said note, and which note was on that date for a valuable consideration delivered said Peoples Finance Company. That thereby the said parties became obligated and bound to pay to the said Peoples Finance Company the sums named in said note in accordance with its terms.

"2. That the note hereinabove described is secured by a chattel mortgage lien created in a certain chattel mortgage contract dated October 21, 1925, executed by J. W. Jones and wife, Mrs. J. W. Jones, for the purpose of securing said note, and which mortgage describes the following personal property: [Here follows a description of the mortgaged property.]

"3. That by the terms of the chattel mortgage contract above referred to, said property was to remain in the possession of the said J. W. Jones, but that sale of a portion of said property located in the store building known as 1413 South Ervay Street in the City of Dallas, has been made by the Defendant J. W. Jones to the Defendant, Mrs. R. B. Shankles, and sale of the grocery store and fixtures located at No. 1411 South Ervay Street has been made to the defendant F. B. Paine, and that the condition of the property covered by said chattel mortgage lien and their use at this time is such that their value is being depreciated rapidly and that the security afforded the payee on said note and your petitioner as a surety thereon, is being decreased as a result of the change of ownership alleged.

"4. That although the note secured by the chattel mortgage lien herein referred to is not due by its terms, your petitioner as a surety on said note is entitled to the full benefit of the lien on said property. And is entitled to have said property taken into the possession of this court and held by the court, or disposed of under the court's direction to the end that the full value thereof may be realized. That the value of said properties used in connection with the businesses in which they are now employed is greatly in excess of the value of said property as second hand fixtures. And that a sale of said properties in their present locations can be had more advantageously than after they have been moved from such locations. And that unless said property is so conserved your petitioner will suffer irreparable injury.

"5. That in addition to the facts above alleged there are certain unsecured creditors who are asserting claims against the Defendants J. W. Jones and F. B. Paine, growing out of the conduct of a grocery busi-

ness in which portion of the mortgaged property is used and that in addition to said facts, there is also a prior mortgage on a portion of said property in favor of the Worsham-Buick Company. That unless said property is taken into possession of the court by a receiver and managed and disposed of for the benefit of the persons lawfully entitled to be paid out of proceeds thereof, it will be dissipated and the security afforded your petitioner by the liens thereon securing the note in favor of the Peoples Finance Company, will be lost.

"Wherefore your petitioner prays that upon a hearing this court appoint a receiver to take into his possession all of the properties hereinabove described. That the parties defendant be cited to appear in answer herein. That the receiver be authorized to sell the above properties and to apply the proceeds thereof to the payment of the parties holding liens against the same, and that such other and further relief be granted your petitioner as the court may deem proper."

Said petition is verified as follows:

"The State of Texas, County of Dallas

"Before me, the undersigned authority, on this day personally appeared Gus Sabanovich, who after being duly sworn on oath states that the facts stated in the foregoing petition are within his knowledge true and correct.

"Gus Sabanovich.

"Sworn and subscribed to before me this 25th day of January, A. D. 1926.

"H. B. Thomas, Jr.,

"Notary Public, Dallas County, Texas."

Based on said petition, on January 29, 1926, a receiver was appointed under bond of $1,000, "to take charge of all the property in question and make report of condition of business to the court from time to time and hold all assets until further orders of the court." The receiver did nothing, because on March 9, 1926, Jones was adjudged a bankrupt, and the bankruptcy court took charge of his affairs.

## Opinion.

Before Sabanovich brought the suit asking for the appointment of a receiver, he knew that the note had been filled in for $1,800. If his agreement was that the note should be filled in for only $1,000 after he signed it in blank, and he afterwards discovered that it had been filled in for $1,800, by his affirmative act in bringing such suit on the basis of the note for the latter amount he thereby recognized his continued obligations as a surety thereon. If he had made a partial payment on the note after he discovered that it had been filled in for $1,800, he would be considered as having ratified the note as a matter of law. We see no distinction between that and his act in bringing the suit asking for the appointment of a receiver to take

charge of the mortgaged properties securing the payment of the note for the amount as filled in and to have the mortgaged property sold and the proceeds applied to the payment thereof.

By this suit Sabanovich brought every interested party into court, and his right to the appointment of a receiver depended entirely upon his liability on the note. He was not a party to the mortgage; he was only a surety on the note. He was contending that, because he was liable on the note for $1,800 as a surety, he was entitled to have the property securing the payment of the note conserved and sold. and the proceeds applied to its payment. If he were not liable on the note, he had no right to have a receiver appointed.. His sworn statement, on the trial of this case, to the effect that everything that his petition contained was true, was a sufficient ratification and adoption of the alteration in the note.

If the note had been altered and filled in for a larger amount than he had authorized, he was under no obligation to bring suit for the appointment of a receiver. He could have waited until he was sued on the note, and then repudiated it because it had been materially altered. Instead of this, he elected to claim benefits thereunder by suing on it and having the property covered by the mortgage, given as security for its payment, sold and the proceeds applied to the note. Ware v. Bennett, 18 Tex. 810; Campbell v. Jenkins (Tex. Civ. App.) 34 S. W. 673; Mechem on Agency, § 151; 1 Elliott on Contracts, § 459.

Sabanovich knew when he filed the suit for a receiver that the note had been filled in for $1,800, and asked the court to protect him to that extent, because he alleged he was liable therefor to the payee.

The rule as to the effect of bringing suit on an altered instrument with knowledge of the alteration stated in 2 Cyc. 174, to be "the plaintiff by suing upon the altered instrument is deemed to have ratified the alteration," is approved in 2 C. J. 1258, and in 1 R. C. L. 1033. No new consideration need pass; the ratification is equivalent to original authority to make the alteration. Matson v. Jarvis, 63 Tex. Civ. App. 376, 133 S. W. 941.

The Court of Civil Appeals cite, as authority for their conclusion that the issue of material alteration should have been submitted to the jury, the case of Buzard v. McAnulty, 77 Tex. 438, 14 S. W. 138, in which it was held that the pleadings of a party in one suit may be used against him in another, not as an estoppel, but as proof, open to rebuttal and explanation that he admitted certain facts.

In that case the court was passing upon the admissibility in evidence of pleadings. In the case at bar the defendant in error was

given the opportunity, by testifying as a witness, to explain his pleadings in his suit for the appointment of a receiver, and did so by stating that everything contained therein was true; this amounts to an affirmative admission thereof, and leaves no issue to go to the jury on the question of whether or not he ratified the alteration.

The evidence in this case was undisputed, and its effect is purely a question of law (American Ry. Express Co. v. Patterson Produce Co. [Tex. Com. App.] 12 S.W. (2d) 158), which was correctly decided by the trial court in peremptorily instructing a verdict against defendant in error.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that of the trial court be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.