## J. P. BAILEY ET AL. V. J. H. HIX.

1. DAMAGES—WIDOW NOT RESPONSIBLE UNLESS ASSETS HAD.—Pending a suit for damages, the husband, who was a defendant, died; the widow was made a party, and there was no allegation or evidence that the widow had participated in the act for which suit had been brought; nor evidence that she had received any property from the estate of her husband, or that there was any community property : *Held,* That a judgment against the widow could not be sustained on such facts.

2. CONTRADICTORY TESTIMONY—EVIDENCE.—Where the testimony to plaintiff's case is confined to his own testimony, and it is evasive and contradictory, his action cannot be maintained.

APPEAL from Johnson. Tried below before the Hon. A. J. Hood.

The opinion sufficiently states the case.

*M. A. Oatis* and *W. Shropshire,* for appellants.

I. The only way in which the surviving wife can make herself liable for the debts of the deceased husband, is by taking possession of his property, either community or separate; in which case, she takes it subject to the husband's debts. (28 Tex., 337; 31 Tex., 593; 11 Tex., 385; 24 Tex., 10.)

We submit, that there is no foundation whatever in this whole record upon which any judgment ought to have been rendered against Martha C. Lovelace; that the whole proceedings as to her are a nullity, and the same ought to have been arrested and set aside; that the action being a joint one, the arrest as to her inured to the benefit of her co-defendant, John H. Lovelace, and operated as an arrest to both;—as a failure to recover against one, was a failure as to both. No recovery could be had against one without the other. (13 Tex., 38; 25 Tex. Supp., 194; Grant *v.* Whittlesey, 42 Tex., 320.)

II. Hix used no diligence whatever to ascertain about the title of the Lovelaces to the land, and he took no covenants

from them to secure him against a failure of the title, and the rule of *caveat emptor* applies to him in all its force. (2 Kent's Comm., 485, 486, 491.)

Where a purchaser buys with notice of a defect of title, and takes no covenants to secure himself in case of eviction, the law gives him no remedy to recover back the purchase-money. (2 Kent's Comm., 473; Paschal's Dig., 12893; 27 Tex., 570, 128.) And where the means of ascertaining the state of the title are open to the purchaser equally with the vendor, and the purchaser exercises no diligence in learning the real state of the title, and takes no covenants to secure him, he cannot complain if he loses the land. (2 Kent's Comm., 482, 484, 485, 491; 2 Paschal's Dig., 13463.)

*De Berry & Smith,* for appellee.—The case may be thus summed up: The plaintiff (Hix) bought the land, and paid for it in good faith, expecting to obtain a title to the same through the defendants and Bailey. This they promised to procure for him. He was ignorant of any defect in the title, until he had parted with his property. So soon as he discovered the defects, he offered to rescind. This was refused. He went into possession, and made improvements on the land; he was sued for the land by Phillips and was evicted; lost his labor on the land,—lost the land. The Lovelaces have his property; that he paid them for the land, which they refused to deliver back to him.

All this is the result of the representations made by them. The jury gave him a verdict for the value of the property paid and delivered by him to the Lovelaces,—nothing more. The jury certainly could not do less than this, and do justice to the plaintiff.

MOORE, ASSOCIATE JUSTICE.—This action was brought by appellee (Hix) against J. P. Bailey, J. H. Lovelace, and M. W. C. Lovelace, for the recovery of damages alleged to have been sustained by the failure of title to a tract of land which,

he says, he was induced to purchase, by the false and fraudulent representations of the defendants, from said J. H. and M. W. C. Lovelace.

It appears from the record that the defendant Bailey, as the attorney in fact of W. C. Phillips, on the 16th of July, 1863, sold the land in question to M. W. C. Lovelace for the sum of $325 in " Confederate money," and as such attorney made and delivered a bond for title. This bond, however, by mistake of Bailey, was executed to John H. instead of M. W. C. Lovelace. But as it was supposed the deed would be executed in a short time, or so soon as the land could be conveniently surveyed, so that it could be accurately described, it was agreed between the Lovelaces and Bailey, rather than rewrite it, that the bond should be delivered as written, and that when the deed could be executed the mistake should be corrected. Thus the matter stood until June 5, 1867, when appellee purchased the land, as he alleges, from the Lovelaces, and took from them an assignment of this bond given by Bailey, as attorney of Phillips, to J. H. Lovelace.

Shortly after his purchase, Hix went into possession of the land and commenced improving it; and subsequently brought suit against Phillips for specific performance of said contract between Lovelace and Bailey, as his attorney in fact of Phillips, as shown by said bond. This suit, however, resulted in a judgment in Phillips' favor, on the ground that Bailey exceeded his authority in selling the land for " Confederate money." Thereupon the present suit was instituted.

In his original petition, appellee made no direct charge of fraud against the Lovelaces, but seems to have mainly relied upon the alleged false representations of Bailey—that he could and would make him a valid title to the land if he purchased it from the Lovelaces.

The defendants Bailey and J. H. Lovelace, having been duly served, appeared and answered; and although M. W. C. Lovelace had not been served, and had neither appeared nor answered to the action, the court, at the April Term,

1872, proceeded to try the case. This trial resulted in the court sustaining a general demurrer filed by Bailey to the plaintiff's petition, and a dismissal of the case as to him, and in a judgment against J. H. Lovelace. At a subsequent day of the term, however, on motion of said Lovelace, this judgment was set aside, and a *venire de novo* ordered; but whether the court, in granting a new trial on this motion, intended, or did in fact set aside the judgment of dismissal as to Bailey, does not distinctly appear. In the amended petition subsequently filed by plaintiff, he again charges a combination and conspiracy between all of the defendants to deceive and defraud him, and prays judgment as in his original petition. He also avers that Bailey and said Lovelaces concealed from him the fact that said land had been bought by Lovelace with Confederate money, and likewise alleges that he had never seen the bond for title given by Bailey, which recites that the consideration for the sale was Confederate money, until after he purchased and paid for the land.

The death of M. W. C. Lovelace, who seems never to have been served with process, was suggested in the amended petition; and it being alleged that no administration had been granted upon his estate, his wife, Martha Lovelace, as his representative, was made a party to the suit. It was not alleged, however, that said M. W. C. Lovelace died possessed of any community property whatever, or that any property belonging to the estate of her husband, or of which he was in any way possessed, ever came into her possession, or had ever been subject to her control.

The case again coming on for trial, the demurrers to the petition and amended petitions filed by the defendants J. H. Lovelace and Mrs. Martha Lovelace were sustained. Whereupon the plaintiff, on leave of the court, again amended his petition, reiterating and enlarging his previous charges of fraud against Bailey and J. H. and M. W. C. Lovelace. But in this last amendment he makes no averment whatever relating to, or in any way affecting, Mrs. Martha Lovelace.

Neither was there any evidence adduced upon the trial of the case tending, in the slightest manner, to show that she had anything whatever to do with the sale of the land in question to plaintiff, or ever knew of it; or that any property belonging to her husband, M. W. C. Lovelace, or in which he or his estate had or has any interest whatever, was, or had ever been at any time, in her possession or under her control. Indeed, it was not shown, nor attempted to be shown, that her said husband owned or possessed a single dollar's worth of property at the time of his death; yet the jury returned a general verdict for the plaintiff for the value of the horses which he alleged he had paid for the land; and the court thereupon gave a general judgment for the amount so found against "the defendants." And notwithstanding the want of the necessary averments in the petition to support the judgment, as well as lack of evidence to warrant the verdict, were brought directly to the attention of the court by a motion in arrest of judgment and for a new trial, it neither set aside the verdict nor corrected the judgment.

That this judgment is glaringly erroneous as to Mrs. Lovelace, is too obvious for comment or discussion. Indeed, we are at a loss to conceive that any one could suppose that the surviving wife, merely from the fact of her being such survivor, could be made personally responsible for the fraudulent act of her husband, with which she was in no way connected, and from which it was not shown that she had reaped any advantage; and if the record as brought into this court presents a full and perfect transcript of the proceedings had in the case in the District Court, we are at a still greater loss to conceive how the learned judge before whom the case was tried should not, without a moment's hesitation, have arrested or corrected the judgment. For this error in the judgment, if in all other respects it was strictly correct, it unquestionably must be reversed.

But we are also of opinion that the verdict against J. H. Lovelace was not warranted by the evidence. Leaving out

of view the entire testimony in behalf of the defendants, we think it beyond question that the plaintiff's own testimony, as detailed in the statement of facts, which was all that he had to rely upon, does not warrant the verdict and judgment. If the obvious and repeated contradictions exhibited by plaintiff in the course of his examination should not totally destroy all confidence in his evidence,—and we give it the most favorable construction for him of which it will possibly admit,—still it fails to show that J. H. Lovelace had, or claimed to have, any interest in the land, or in fact received any part of the property, or its proceeds, which the plaintiff paid for it, or that he knew or believed, when plaintiff traded for the land, that Bailey could not make him a good and valid title to it; or, in making the representations in regard to the title with which he is charged, he intended to conceal or did misrepresent the facts affecting the validity of the bond; or that he in any way deceived or misled the plaintiff,—which, evidently, must have been clearly shown to entitle plaintiff to a recovery, in the absence of any warranty of title to the land.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.