### G., C. & S. F. R'y Co. v. H. BOOTON.

(No. 3094.)

APPEAL from Fort Bend County.     Opinion by HURT, J.

J. W. TERRY, counsel for appellant.

WILLIE, MOTT & BALLINGER, counsel for appellee.

§ **230.** *Transcript on appeal; proceedings on former trial not a part of the record; case stated.* This is a suit by Booton for the value of certain sewing-machines, alleged to have been shipped from Will's Point, Texas, and consigned to him at Richmond, Texas, and which it is alleged were never delivered. The cause was before this court at the Galveston term, 1889, on appeal by the company, and the judgment was reversed and the cause remanded. The second trial resulted in a judgment for appellee, and the company appeals. Appellant complains that the court erred in refusing to grant a new trial, because it is apparent from the testimony, and from the entire record in this cause, that plaintiff's evidence to the effect that the agent of defendant demanded the surrender of the plaintiff's bill of lad-

ing as a condition of the delivery of the property is false, and that such false testimony was given by the plaintiff for the purpose of making a new case, and avoiding the effect of the decision of this court on the former appeal. Appellant's statement in support of a proposition under this assignment is not sustained by the record in this case. But in order to support its statement appellant relies upon the charges given to the jury upon the first trial, the verdict of the jury, judgment and statement of facts, all pertaining to the first trial, and these matters have been inserted in this transcript. We are of opinion that they constitute no part of this record and should be stricken from the same. Hence there is no basis for the assignment in the record. [Johnson v. Railway Co., 69 Tex. 641.]

§ **231.** *Pleading; general denial; evidence admissible under.* Eighth assignment: This assignment involves a question of pleading, or, rather, the right of appellee to make certain proof under the pleading in this case. Appellant specially alleged that sixteen boxes and fifteen crates of machines arrived at Richmond, and that it immediately offered to deliver the same to plaintiff on his payment of the freight due thereon from Will's Point, alleged to be $28.86. Upon the trial the plaintiff proved that this offer to deliver the machines was accompanied with a demand for the bill of lading. Counsel for appellant contends that this proof could not legally be made, and, if made, could not be considered, because plaintiff had not pleaded the demand for the bill of lading. We do not agree to this proposition. Appellant alleged an offer to deliver. This means a lawful tender offer, and the plaintiff, under a general denial, could prove any fact which would disprove this allegation, that the offer to deliver was such as he was bound to respect or accept.

§ **232.** *Bill of lading; stipulation in as to damages recoverable; value of property at place of shipment or at place of destination; rule as to.* The bill of lading, made a

part of the petition, contained the following stipulation: "In the event of the loss of the property under the provisions of this agreement, the value or cost of the same at the point of shipment shall govern the settlement." And it is urged by appellant that the court erred in charging the jury to find the value at Richmond, as such stipulation was valid and binding. The general rule at common law is that the carrier, in case of loss of goods, is liable to the shipper or owner for the value of them at the place of destination, less the charges for transportation. This rule, under the provisions of our statute, cannot be altered by contract, so as to limit or restrict the liability of the carrier, when the contract is to be performed entirely within this state. [R. S. Tex., art. 278.] The contract in this case is from one point in Texas to another in Texas, and we are of the opinion that there was no error in the charge in the particular complained of. In Railway Co. v. Ryan, 2 Civil Cas. Ct. App., § 432, and Railway Co. v. Barnes, id., § 579, the contracts were interstate. [See the case of ;Railway Co. v. Maddox, 75 Tex. 300.]

§ 233. *New trial; surprise.* It is urged that a new trial should have been granted, because of surprise by the testimony of the plaintiff on the matter of the offer or tender of delivery, the same not having been pleaded, nor had he testified upon that subject on the former trial. We have seen that the evidence of the plaintiff in this respect was admissible without further pleading, and the fact that the plaintiff did not so testify on the first trial does not appear otherwise than by the record and matters on the first trial. We have seen that these matters are not parts of the record now before us, and cannot be considered for any purpose. There was no attempt made to impeach the plaintiff by proof of his former testimony. Again, if defendant was surprised by the evidence, it should have promptly asked for leave to withdraw announcement. This was not done. There was

no error in overruling the motion for new trial.   Other
assignments have been considered, but we find no rever-
sible error.

March 18, 1891.                                    Affirmed.