### INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY
### v. W. A. MULLIKEN.

#### No. 878.

1. **Railway Company—Passenger Boarding Train.**—Plaintiff's wife, having purchased a ticket, and while attempting to get on the cars at a station, was assisted by a brakeman, who jerked her up the steps with unnecessary violence that injured her. *Held,* that she was a passenger, entitled as such to the highest degree of care, and the railway company was liable in damages for the injury.

2. **Evidence—Admission in Pleading.**—A pleading of the opposite party, signed by the attorney only, containing an admission, or statement of a fact in issue variant from the testimony of such party on the trial, was offered in evidence, but the attorney who signed the pleading testified that the party, in stating the facts to him, never made the statement in question. *Held,* there was no error in excluding the paper from the evidence.

APPEAL from Rusk.   Tried below before Hon. W. J. GRAHAM.

*Cate & Teagarden,* for appellant, on (1) the question of appellant's liability, cited:   Willis v. Lewis, 28 Texas, 185; Zapp v. Michaelis, 58 Texas, 270; Railway v. Hare, 23 S.W. Rep., 42; Railway v. Bracken, 59 Texas, 76; Brown v. Collins, 53 N. H., 442; Hays v. Railway, 111 U. S., 228; Yornell v. Railway, 21 S. W. Rep., 1; Shearm. & Redf. on Neg., 4 ed.. secs. 57–60; 1 Thomp. on Neg., pp. 45, 61, 484.

2.   The court erred in excluding the petition offered in evidence. 2 Whart. on Ev., secs. 1119, 1184; 2 Id., sec. 338.

*N. B. Morris, DeGraffenreid & Young,* and *Buford & McDavid,* for appellee.—Where one owes a duty to another, and in performing that duty injury results to the other by reason of the improper manner of its performance, the performer is liable.   Railway v. Davidson, 68 Texas, 370; Railway v. Leak, 64 Texas, 654.

GARRETT, CHIEF JUSTICE.—This was an action by W. A. Mulliken to recover damages of the International & Great Northern Railroad Company for injuries alleged to have been sustained by plaintiff's wife while boarding a train on defendant's railroad.   On July 19, 1894, there was a trial in the court below by a jury resulting in a verdict and judgment for the plaintiff for the sum of $4000 from which this appeal has been taken.

The injury was sustained on August 13, 1892. Plaintiff and his wife, having purchased tickets, were getting aboard of an excursion train on defendant's railroad at Overton, in Rusk County, when she was hurt while being assisted by the brakeman. The depot platform was on the west side of the track. The car where Mrs. Mulliken was hurt had not been drawn up as far as the platform and she was getting aboard from the east side of the track. The lowest step of the car was about thirty inches from the ground. Mrs. Mulliken testified, that when the train stopped they got on the coach opposite the depot, but were told by the conductor to get off and go back further. They did so and got on again and were again told to go further; that she asked permission to go through the train, but was refused and told to get off and go back. They got off on the east side to which the conductor directed them by a motion with his hand and went back to the last coach. Plaintiff had their baby in his arms. She took hold of the hand railing and put her knee on the step to go up, when a railroad man took hold of her by the arms above the elbows and jerked her quickly up the steps, and the jerk hurt her back; her knee was also bruised. The train was not moving when she got on, and did not start before she got up. There was evidence to show that the injury to Mrs. Mulliken's back was followed by traumatic fever lasting several weeks, and resulted in a serious and incurable disease of the spine which might be produced by the character of injury she had received. Evidence on the other hand showed that it was probable that at the time Mrs. Mulliken received the injury she was contracting typhoid fever, which sometimes resulted in the symptoms that she complained of. Witnesses were also introduced by the defendant, including the conductor and brakeman, to show that the conductor did not direct plaintiff and his wife to get off the train and go further to the rear, and that it was not the brakeman who helped Mrs. Mulliken on the train; and that the train was moving when she was helped on.

We conclude from all the testimony that there was sufficient evidence from which the jury could find that it was the brakeman who helped Mrs. Mulliken on the train; that the conductor directed plaintiff and his wife to get off the train and go to the rear, where there was no platform and it was difficult for them to get on; and that when Mrs. Mulliken was endeavoring to get aboard the car, and before the train was put in motion, the defendant's brakeman seized her by the arm and jerked her up the steps with greater force than was necessary or the circumstances required, and injured her back so that the disease complained of resulted. The brakeman testified, that it was his duty when stations were reached to stand between the smoking car and the ladies' coach, and to assist ladies on and off the train. Mrs. Mulliken was a passenger at the time she received her injuries, and defendant's duty toward her was not measured by what a person of ordinary prudence would have done in assisting her on the train under the circumstances. A high degree of care was required. The act of the con-

ductor in requiring her to get off the train where she first boarded it, and go to the rear where there was no platform, was not consistent with the care required of him as a servant of the defendant. So we conclude that Mrs. Mulliken was injured by the negligence of defendant's servants, and that it was liable for the damages resulting from the injuries.

If the injuries were of as serious a nature as the jury were authorized to find from the evidence, the damages awarded were not excessive, and we conclude that they were not.

Appellant complains of the action of the court below in excluding from the evidence a portion of the petition of the plaintiff signed by his attorneys and filed in another suit upon the same cause of action brought in Gregg County, that had been afterwards dismissed, which averred that the train was moving when Mrs. Mulliken was seized and pulled up the steps. Bearing upon the question of negligence, the emergency under which the person acted who assisted Mrs. Mulliken became a pertinent inquiry, for if the train was moving, her position, with her knee on the step and clinging to the rails with her hands, called for more prompt and energetic action on the part of one who would assist her than if the train had been standing still, and evidence was pertinent to show that the train was moving. The rule laid down by Wharton in his work on Evidence to determine when such a pleading is admissible in evidence to show an admission made in it, requires that it must be either signed by the party against whom it is proposed to be used, or it must appear that it was within the scope of the attorney's authority to admit the facts. Whart. on Ev., sec. 838. Judge Henry, in Buzard & Hilliard v. McAnulty & Mosty, 77 Texas, 446, raises some doubt about what the rule should be in this State; and the Court of Civil Appeals for the Third District has held such evidence inadmissible. Medlin v. Wilkins, 1 Texas Civ. App., 465. Mr. Buford, the attorney who drew the petition, testified, as appears from the bill of exception, that not long before he prepared the petition he had a conversation with the plaintiff, but that neither plaintiff nor his wife ever told him that the train was moving when she got on. We do not think that the admission is brought within the rule given by Mr. Wharton, and do not express any opinion about its correctness. There was no error in excluding the evidence.

The judgment of the court below will be affirmed.

*Affirmed.*

Delivered June 20, 1895.