### ABEL v. MAXWELL HARDWARE CO.
#### No. 12262.

Court of Civil Appeals of Texas. Fort Worth.
Feb. 8, 1930.

Rehearing Denied March 22, 1930.

Bunnenberg & Nelson, of Wichita Falls, for appellant.

Bullington, Boone, Humphrey & King, of Wichita Falls, for appellee.

DUNKLIN, J.

The Maxwell Hardware Company sued E. G. Abel for debt claimed to be due for certain plumbing material and work furnished and done in a residence owned by the defendant and for foreclosure of a mechanic's and materialman's lien upon the house and lot.

In addition to a general denial, the defendant, Abel, set up a cross-action against the plaintiff for damages in the sum of $200, loss of rents, and $1,000, which he alleged resulted to the house from plaintiff's negligence while doing the plumbing work in digging certain ditches which were negligently left open by the plaintiff, and in which ditches rain water accumulated and resulted in undermining the house by reason of causing its foundations to give way. The defendant fur-

ther alleged that the contract made by him with the plaintiff was made directly with Jack Barnes as agent for the plaintiff.

By supplemental petition plaintiff presented a general denial of all the allegations set up in the cross-action. Plaintiff further alleged that it sold the material necessary for the plumbing work to one Jack Barnes, and that it had nothing whatever to do with any contract between the defendant and Barnes for doing the plumbing work, but that, after the job was roughed in by Barnes, he refused to complete it, and that plaintiff, at defendant's special instance and request, had the fixtures set in, and for which the defendant agreed to pay it the sum of $222.50. It was further alleged that if the ditches were dug as the defendant alleged, then that work was done by Barnes alone on his own responsibility, and not as the agent of the plaintiff, and therefore the plaintiff was in no manner liable for any damages resulting therefrom.

Upon the trial of the case before a jury a judgment was rendered allowing plaintiff a recovery for the debt sued for and fixing and foreclosing the mechanic's and materialman's lien claimed by the plaintiff on the premises; but denying the defendant any relief upon his cross-action.

The defendant, Abel, has prosecuted this appeal, and the errors assigned relate solely to the fixing and foreclosing of the mechanic's and materialman's lien; no complaint being made of the judgment in plaintiff's favor for the debt upon which the foreclosure was based.

The jury found that, at the time the contract was entered into between the defendant and Jack Barnes for doing the plumbing work, he (Barnes) was not acting for the plaintiff, Maxwell Hardware Company; that leaving the ditches open for the length of time they were left open was not negligence; that neither the plaintiff nor any of its employees cut the foundation under the house; that the roughing in work was not done in a good and workmanlike manner, but that the installing of the plumbing fixtures was properly done; that the plumbing material and fixtures furnished by the plaintiff were of the character and quality contracted for; that defendant's house was not caused to be vacant by reason of any alleged negligence on the part of the plaintiff.

The following were additional special issues submitted to the jury with their answers thereto:

(a) "Was the cracking in the walls and in the foundation caused by an unequal distribution of the weight of the house on the foundation? Answer: Yes."

(b) "Was the foundation under this house properly constructed so as to prevent the cor-

ners of the house from settling? Answer: No."

Error has been assigned to the submission of the two special issues quoted above on the ground that they were not warranted by the pleadings. It is appellant's contention that, in the absence of some special plea by the plaintiff presenting the facts embodied in those issues as a defense to the cross-action, the court was without authority to present them as defensive issues. As noted above, the plaintiff did file a general denial of all the allegations of fact set up in the cross-action. That plea put in issue the truth of each and all of those allegations, the chief one of which was that, by reason of the alleged defective work, the foundations of the house were undermined with water accumulated from the ditches which were dug in connection with the work, and thereby the walls of the house were caused to settle and crack. Manifestly, proof that the cracking of the walls of the house was caused by the unequal distribution of its weight on its foundation and that the foundation was not properly constructed so as to prevent the corners from settling would rebut and tend to disprove the defendant's allegation that such damage was caused by the digging of the ditches. Furthermore, the findings of the jury on those issues were amply supported by testimony offered by the plaintiff, and appellant has presented no assignment of error to the admission of such testimony, nor have we found in the record any objection urged thereto. Moreover, it is clear that no valid objection could have been made to the introduction of such proof. A long list of authorities might be cited holding that under a general denial a party can prove any fact the effect of which would be to disprove or deny allegations in the pleadings of the adverse party, such as Altgelt v. Emilienburg, 64 Tex. 150; Gulf, C. & S. F. Railway Co. v. Booton (Tex. Sup.) 15 S. W. 909; Winn v. Gilmer, 81 Tex. 345, 16 S. W. 1058; S. A. & A. P. Ry. Co. v. Gurley, 37 Tex. Civ. App. 283, 83 S. W. 842; Hardin v. St. L. S. W. Ry. Co. (Tex. Civ. App.) 88 S. W. 440; Fielder v. St. L., B. & M. Ry. Co. (Tex. Civ. App.) 112 S. W. 669; Amarillo Oil Co. v. Ranch Creek Oil & Gas Co. (Tex. Civ. App.) 271 S. W. 145; G., H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S. W. 534.

It is also a well-settled rule that a party is entitled to have submitted to the jury in an affirmative form any group of facts sufficient in law to establish a cause of action or a ground of defense, and based on proper pleadings; and that refusal of a request for such submission is reversible error. Our Supreme Court so held in St. Louis S. W. Ry. Co. v. Hall, 98 Tex. 480, 85 S. W. 786, and in that case the judgment of the trial court was reversed for failure to give a requested instruction embodying facts brought out in the evidence introduced by the defendant in rebuttal of plaintiff's allegations charging it with negligence. That decision followed a long line of others to the same effect, in all of which the cases were submitted to the jury by a general charge and not upon special issues. And the same rule applies when a case is submitted on special issues, since it is expressly provided by Revised Civil Statutes, article 2190: "When the court submits a case upon special issues, he shall submit all the issues made by the pleading." See, also, Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517.

The leading case cited by appellant to support his contention is Moody & Co. v. Rowland, 100 Tex. 363, 99 S. W. 1112, 1115. In that case the following was said:

"The defendant may, by a general denial, put the plaintiff upon proof of the facts alleged in the petition, and, under such general denial, the defendant would be entitled to introduce evidence which tended to disprove the facts alleged in the plaintiff's petition, and to rebut evidence offered by the plaintiff. If a defendant desires to introduce evidence of a fact which does not tend to rebut the facts of the plaintiff's case, but which show an independent reason why the plaintiff should not recover upon the case stated and proved, then such defendant must plead the facts which will avoid the legal consequence of plaintiff's case, else the testimony will not be admissible, and a judgment rendered upon such evidence, admitted under a general denial, will not be sustained."

The independent defense there involved was that of contributory negligence.

It thus appears that the rule already stated, to the effect that under a general denial the defendant may introduce any evidence tending to rebut the allegations upon which plaintiff relies for recovery, is specifically recognized. The further announcement of a different rule applicable, if the defendant offers evidence "of a fact which does not tend to rebut the facts of the plaintiff's case, but which show an independent reason why the plaintiff should not recover upon the case stated and proved," has no application to this case. And the same may be said of other authorities relied upon by the appellant, such as Willis v. Hudson, 63 Tex. 678; Smothers v. Field, Thayer & Co., 65 Tex. 435. For the reasons stated, the assignments of error now under discussion are overruled.

It appears from the record that prior to the institution of the present suit another suit in the name of the Western Hardware Company, which was the same corporation as the plaintiff in this suit, had been filed in the same court against the same defendant to recover the debt alleged in the present suit, and to foreclose the mechanic's and materialman's lien asserted in this suit. The petition of the

purported plaintiff in that suit contained this allegation: "That on or about the 10th day of May, 1926, this plaintiff and defendant entered into an oral contract, one Jack Barnes acting as the agent of this plaintiff, wherein this plaintiff agreed to do certain plumbing for this defendant."

Error has been assigned to the refusal of the trial court to admit in evidence the allegation just copied from the pleadings in the former suit; the allegation being offered by the defendant as evidence tending to show that, in undertaking to do the roughing in work and digging the ditches as an incident thereto, Jack Barnes was acting as plaintiff's agent, and that therefore plaintiff was liable for the damages resulting therefrom.

■■ It is a familiar rule that an abandoned pleading is admissible in evidence when the same shows an admission against interest, provided it is proven that such pleading was filed by the opposing party or by his duly authorized agent or attorney. It is incumbent upon the party offering such pleading to lay the proper predicate therefor by first showing that the pleading was filed by the opposite party or by his authority. The abandoned pleading so offered in evidence had the following signature thereto: "John M. Martin, Attorney for Plaintiff." Mr. Martin testified that he did not file or sign that pleading, and did not authorize any one else to sign it for him, and further that he had no instructions from the plaintiff to file the same. Mr. Maxwell also testified that he did not know that the petition had been filed and did not authorize any one to file the same for the plaintiff company; he being president of the plaintiff company. However, he further testified that one H. L. Tooker had been employed to collect the debt against Abel on a commission basis, and the evidence further showed that Tooker made his headquarters in Mr. Martin's office while looking after ·collections placed in his hands, and that he sometimes filed suit to collect such debts. Tooker had moved to another part of the state, and did not testify on the trial.

Maxwell further testified as follows:

"The trade that I had with Tooker was to make collections, and if he wanted to work in connection with some other attorney it was up to him. If he wanted to employ lawyers to file suit for us, he could. * * * I never requested Mr. Tooker to have John M. Martin to file a suit. * * * I never authorized H. L. Tooker to file a suit for our company, or to file a suit in somebody else's name for us. * * * I did not know that Tooker purported to be a lawyer around here. I thought that he was not a lawyer."

The affidavit fixing the mechanic's and materialman's lien was made by witness Maxwell, and in that affidavit also was contained the statement that the work done for which the plaintiff claimed a lien had been done under a contract between the defendant, Abel, and the plaintiff acting by and through Jack Barnes, as its duly authorized agent. In the petition filed in the former suit that lien was alleged in connection with a prayer for its foreclosure, just as was alleged in the present suit. But Maxwell testified that the affidavit made by him was made without knowledge that it contained such a statement, which he said he knew to be untrue at the time the affidavit was made.

■ Even though it could be said that, prima facie, a sufficient predicate was laid for the admission of the pleading which was excluded —which we gravely doubt—then the error, if any, in excluding it was harmless at all events, in view of the fact that the affidavit fixing the lien which was introduced in evidence contained the same statement as that contained in the excluded pleading; and in view of the finding by the jury that the damage to the building complained of by the defendant was caused by an unequal distribution of its weight on the foundation, and because of the fact that the corners of the house had settled by reason of improper construction of its foundation. I. & G. N. Ry. Co. v. Mulliken, 10 Tex. Civ. App. 663, 32 S. W. 152; Buzard v. McAnulty, 77 Tex. 438, 14 S. W. 138; T. & P. Ry. Co. v. O'Mahoney (Tex. Civ. App.) 50 S. W. 1049; Coats v. Elliott, 23 Tex. 606; Baxter v. New York, T. & M. Ry. Co. (Tex. Civ. App.) 22 S. W. 1002.

Under another assignment presenting the contention of fundamental error, appellant insists that; although the judgment rendered was in accord with the pleadings upon which it was based and supported by the testimony of the witness on the stand, yet by reason of a conflict between such testimony and the statement contained in the affidavit fixing the lien, with respect to the agency of Jack Barnes, the judgment should not be permitted to stand. Appellant cites Bailey v. Hix, 49 Tex. 536; Daugherty v. Lady (Tex. Civ. App.) 73 S. W. 837; Harlow v. Laclair, 82 N. H. 506, 136 A. 128, 50 A. L. R. 973. We believe this assignment to be without merit; especially in view of what we have already said.

The judgment of the trial court is affirmed.