T. J. Mallicote and Ben Daniels, doing a milling business under the name of Fort Worth Planing Mill, filed suit against Wm. Cameron 
Co., a corporation. Plaintiffs alleged that on July 26, 1928, at the special in. stance and request of E. C. Tays, manager of the North Side Fort Worth Yard of defendant, they sold to defendant Wm. Cameron 
Co., Inc., hereinafter called Wm. Cameron Co., as buyer in the regular course of business, the window frames, door frames, stairways, and all baseboards for a certain apartment dwelling known as the "Nowlin job" in the city of Fort Worth for the agreed oral contract price of $987. That later, plaintiffs, at the instance and request of defendant, sold and delivered to the defendant goods, wares, and merchandise which were additional purchases made for said "Nowlin job," for $291.30, making a total of $1,278.30. That defendant thereby became bound to pay to plaintiffs on demand so much money as said goods, wares, and merchandise were reasonably worth, and the defendant did on the 4th day of August, 1928, pay to said plaintiffs the sum of $100, and on September 29, 1928, defendant paid $300, making a total cash payment on said account of $400. That in addition to said cash paid to plaintiffs by defendant, the defendants credited the account of the plaintiffs for lumber and materials sold to said plaintiffs in the sum of $306.51, and there is now a balance due on said account of $571.79. The account was duly verified. Plaintiffs prayed that upon a final hearing they have judgment against defendant for $571.79.
Defendant answered by a general demurrer and a general denial.
The cause was submitted to a jury upon one special issue, as follows: "Did Mr. Tays on or about the 19th day of July, 1928, agree to purchase for Cameron Lumber Company from the plaintiffs, Mallicote and Daniels, the mill work described in plaintiffs' petition? Answer: Yes."
From the judgment entered upon this verdict in the sum of $571.79, the defendant has appealed.
 Opinion.
Appellant urges, in reply to the objection of appellees, that no consideration, obligation, agreement, or terms of payment were contained in the instrument, hereinafter noted as "the estimate," since, as contended by appellant, the obligation to pay would necessarily be implied by law, and also protests against the statement in appellees' objection No. 7, on page 7 of their brief, to the effect that there was no evidence of O'Zee being the agent of Nowlin. We think the fact of this relation was testified to more than once by both O'Zee and Nowlin. Appellant also urges that Nowlin testified on the stand, admitting his liability, and it manifestly appeared from the contract that O'Zee was signing as contractor on behalf of Nowlin.
Subsequent to O'Zee's going out to plaintiffs' planing mill, Mallicote, one of the plaintiffs, testified that his daughter copied the following estimate of prices for which plaintiffs would do the work: "This agreement entered into by and between Mr. H. B. Nowlin (owner) and Olin O'Zee (contractor) for additional repairs to Nowlin Apartment in the city of Fort Worth whereby the North Ft. Worth Planing Mill agrees to furnish (51) fifty-one window frames outside and inside *Page 408 
trim with pulleys attached as per architect drawing for the sum of ($306.00) three hundred and six dollars. Thirty-four door frames inside and outside trim as per detail of drawing for ($170.00) one hundred and seventy dollars. Eight door frames with transoms for ($48.00) forty-eight dollars. To furnish material for two stairways as per detail of drawing sanded and ready to be installed by contractor, Mr. Olin O'Zee for the sum of ($295.00) two hundred and ninety-five dollars. Sixteen hundred and eighty lin. feet of one by eight (1x8) sanded and beveled for base board similar to base in original apartment, for ($168.00) one hundred and sixty eight dollars. Making a total of ($987.00) nine hundred and eighty seven dollars, for which has been agreed to by all parties concerned."
When Mallicote took this estimate or offer out to O'Zee where he was working on the building, O'Zee submitted it to Nowlin and Nowlin accepted it. Thereupon it became a binding contract between the plaintiffs and the defendant, O'Zee having signed it as representing Nowlin. While Mallicote and Daniels both testified that they were not willing to furnish the work and material for the job unless Wm. Cameron Co. would stand responsible, and that they telephoned E. C. Tays, manager of the North Side Yards, as to who would pay for the work and labor, and that Tays told them that Wm. Cameron Co. would pay; that subsequently, when it became necessary to furnish additional work and material, they telephoned E. C. Tays again, and he told them to go ahead and send the material and work out to the job; that they did so. But the defendant's witnesses stated that nothing was said to any of the employees or agents that Wm. Cameron Co. was liable or would be expected to be liable for the work and labor, and that while Wm. Cameron Co. did take a conveyance and an assignment of the mechanic's and materialman's liens, made out by Nowlin to O'Zee as contractor, it was merely to protect Wm. Cameron Co. and the other subcontractors. There was evidently an issue of fact based on the testimony of the plaintiffs and defendant as to whether this offer of the plaintiffs to furnish the labor and material for a designated price, and the acceptance of such offer by the owner and the contractor, or whether this was a mere estimate not intended as an offer by either party.
The defendant offered the following special charges, which were refused:
"(2) Was the contract for the mill work to be furnished by the plaintiffs for the Nowlin job verbal or in writing?
"(3) If you shall have answered that the contract for the mill work on the Nowlin job was in writing, then answer whether Wm. Cameron Co, Inc., through E. C. Tays obligated itself verbally to see that the plaintiffs in this case were paid for such work.
"(4) If you shall have answered that the contract for the mill work on the Nowlin job was in writing then state whether under such contract it was intended as an agreement between the plaintiffs in this case and Olin O'Zee or was intended as an agreement between the plaintiffs in this case and H. B. Nowlin. If intended as a contract with Olin O'Zee answer `O'Zee,' and if intended as a contract with Nowlin answer `Nowlin.'
"(5) Was the written instrument dated July 12, 1928, and signed by T. C. Mallicote, Ben Daniels and Olin O'Zee as contractor intended as an estimate to be followed by another contract if accepted or was it intended to be binding on the plaintiff as a contract for the work if accepted by Olin O'Zee as contractor and signed by him? If intended as an estimate to be followed by another contract later answer `estimate,' and if intended to be a contract whenever signed by Olin O'Zee as contractor for H. B. Nowlin, then answer `contract.'
"(6) If you find that the instrument dated July 12, 1928, and signed by Mallicote, Daniels and O'Zee as contractor was intended as a contract for the work whenever signed by Olin O'Zee as contractor and when approved by the owner Nowlin, then state whether under such contract payment was to be made by Nowlin or O'Zee or whether under the evidence payment was to be made by Wm. Cameron Co."
We believe that under the evidence there was an issue of fact based on the testimony introduced in evidence as to whether this offer was intended as a proposition, and when signed by O'Zee, as contractor for Nowlin, became a written and binding contract, or whether the plaintiffs relied entirely upon the alleged verbal agreement to pay the debt.
It will be noticed that E. C. Tays testified that he was never in the North Fort Worth Planing Mill while Mallicote and Daniels were there, and he positively knew that he was not there while this job was under construction, and that he felt sure that he was not present while they were in charge of the planing mill. It is true that Mallicote testified that he was present with O'Zee in the yards while they were discussing the price of the work, etc., but that is a question of fact upon which there is a conflict. Mr. Douglas Woolsey, manager of the main yards of Wm. Cameron Co. on Jennings avenue, testified that Mr. Nowlin made the arrangements with O'Zee to do the work, and after they had completed the figures for the work, and after Wm. Cameron Co. had given him a satisfactory price for the work, then Wm. Cameron Co. agreed to carry him for the amount of the loan that he was expecting to get to make the improvements; that *Page 409 
Woolsey never obligated himself to pay Wm. Cameron Co. for the work after it was determined that the loan would not be sufficient to pay out the work done and material furnished; that the figuring on the lumber bill was competitive and Wm. Cameron Co. almost lost the oak flooring that went into the job; that Wm. Cameron Co. did not know with whom Nowlin was figuring, nor with whom he had contracts; that they did not know with whom he was making his plumbing and electric bills.
We believe, under the evidence, that there was an issue of fact based on the testimony introduced in evidence as to whether this offer was intended as a proposition, and when signed by Olin O'Zee as contractor for Nowlin, became a written and binding contract, or whether the plaintiffs relied entirely upon the alleged verbal agreement of Wm. Cameron Co. to pay the debt.
Whenever there is a dispute under the evidence of any material fact, both parties are entitled to the submission to the jury of such facts upon which there is a conflict in the testimony.
In Abel v. Maxwell Hardware Co. (Tex.Civ.App.) 28 S.W.2d 312, it is said, quoting from the headnotes:
"Under general denial, party can prove any fact, effect of which disproves or denies allegations in pleadings of adverse party.
"Any group of facts sufficient to establish cause of action or defense, and based on proper pleadings, should be submitted to jury.
"Refusing requested submission of group of facts sufficient to establish cause of action or defense, based on proper pleadings, is reversible error."
In the cited case, by Justice Dunklin, it is said: "It is also a well-settled rule that a party is entitled to have submitted to the jury in an affirmative form any group of facts sufficient in law to establish a cause of action or a ground of defense, and based on proper pleadings; and that refusal of a request for such submission is reversible error. Our Supreme Court so held in St. Louis S.W. Ry. Co. v. Hall 98 Tex. 480,85 S.W. 786, and in that case the judgment of the trial court was reversed for failure to give a requested instruction embodying facts brought out in the evidence introduced by the defendant in rebuttal of plaintiff's allegations charging it with negligence," citing Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517.
We believe that under the facts the trial court erred in refusing to submit to the jury this issue, upon which there was a conflict of testimony.
Therefore, the judgment of the trial court is reversed, and the cause is remanded.